Robert E. **HALL**, M.D., et al., Plaintiffs,

v.

Louis J. **LEFKOWITZ** et al., Defendants.

Reverend Dr. Jesse **LYONS**, Plaintiff,

v.

Louis J. **LEFKOWITZ** et al., Defendants.

Helen **ABRAMOWICZ**, M.D., et al., Plaintiffs,

v.

Louis J. **LEFKOWITZ** et al., Defendants.

John and Mary **DOE** et al., Plaintiffs,

v.

Louis J. **LEFKOWITZ** et al., Defendants.

**Nos. 69 Civ. 4284, 4285, 4469 and 4423.**

United States District Court
S. D. New York.

Nov. 4, 1969.

Roy Lucas, The James Madison Constitutional Law Institute, Norman Dorsen, School of Law, New York University, Harriet F. Pilpel, Association for the Study of Abortion, Greenbaum, Wolff & Ernst, and Melvin L. Wulf, Alan H. Levine, The American Civil Liberties Union, New York City, for plaintiffs Robert E. Hall, M. D., and others.

Cyril C. Means, Jr., Lenore D. Kalmus, New York City, for plaintiff Reverend Dr. Jesse Lyons.

Carol H. Lefcourt, Ann M. Garfinkle, Diane Schulder, Florynce Kennedy, Nancy Stearns, New York City, for plaintiffs Helen Abramowicz, M. D., and others.

John DeWitt Gregory, Community Action for Legal Services, New York City, for plaintiffs, Poe, Roe and Moe.

Morton P. Cohen, South Brooklyn Legal Services, Brooklyn, N. Y., for plaintiff Doe; `Marcia Lowry, Napoleon B. Williams, Jr., Alfred Lawrence Toombs, New York City, on the brief; Dan Meyers, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, Frank S. Hogan, Dist. Atty., New York County, Burton B. Roberts, Dist. Atty., Bronx County, New York City, for defendants; Joel Lewit-

tes, Asst. Atty. Gen., Burton Lipshie, Daniel J. Sullivan, Asst. Dist. Attys., of counsel.

EDWARD WEINFELD, District Judge.

These are four separate actions challenging New York State's abortion laws on various grounds of constitutional infirmity, including but not limited to vagueness, invasion of right of privacy, denial of equal protection of the laws and due process. The actions, which seek a declaratory judgment and a permanent injunction against enforcement, are brought on behalf of different groups. The plaintiffs in one action are physicians, licensed to practice in the State of New York and engaged in the practice of obstetrics and gynecology. Plaintiffs in another action purport to represent various classes, including married pregnant women, unmarried pregnant women, social workers and psychologists, physicians and nurses. Plaintiffs in the third action include a husband and wife, alleged cerebral palsy victims, who desired but could not obtain an abortion; in a fourth action the plaintiff is a minister, who asserts a constitutional right to refer his pastoral "counselees" to qualified gynecologists and surgeons.

The matter is before the Court on a motion for the convening of a three-judge court, pursuant to 28 U.S.C., sections 2281 and 2284. Here the single narrow issue is "whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." [1]

The Court is urged, as a preliminary matter, to dismiss the actions without reaching the issue of the substantiality of the constitutional claims upon the ground that none of the plaintiffs has standing to sue either individually or on behalf of the classes they purport to represent. While the standing of some plaintiffs is doubtful, others have such a vital interest in the final determination that their claim of standing is substantial—at least sufficiently so to warrant consideration by a three-judge court, should one be convened.[2] The married pregnant mother and the cerebral palsy couple certainly have " 'a personal stake in the outcome of the controversy' * * *." [3]

The state next presses hard that, although the several actions may raise important and meaningful social problems, they present no substantial constitutional questions—that redress of the problems requires legislative and not judicial action. This Court views the issue, as indeed it must, solely within the context of the constitutional contentions presented under the respective complaints. So viewed, it is this Court's judgment that one or more claims of constitutional infirmity are of substance, particularly in the light of the recent trend of constitutional rulings by the Supreme Court.[4] The alleged violations of individual rights protected under various provisions of the Federal Constitution may not be summarily dismissed as clearly unsubstantial.[5] As so cogently put by Chief Judge Brown of the Fifth Circuit Court of Appeals:

"In this day and time of dynamic expansion of constitutional principles and their application to new and sometimes unheard of situations it takes

---

1. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

2. *Cf.* Flast v. Gardner, 267 F.Supp. 351 (S.D.N.Y.1967).

3. Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968), quot-

ing Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

4. *See* Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

5. *See* People v. Belous, 80 Cal.Rptr. 354, 458 P.2d 194 (Sup.Ct.1969).

judicial prescience of a Delphic order to say with certainty that the attack is insubstantial. It is the better course —certainly from an administrative standpoint—to forego the doubts, constitute a 3-Judge Court, and allow that court to determine initially this and the other issues." [6]

It is hardly necessary to add that the view that one or more of the claims is of sufficient substance to require convening a three-judge court is no forecast of the ultimate disposition after a hearing on the merits. It is merely a holding that the test for consideration by a three-judge court has been met.

Since the three-judge court is to be convened, all claims of lack of standing of the various plaintiffs, as well as all other procedural and substantive issues, are left for final determination by that court.

The motion to convene a three-judge court is granted, and the matter is referred to the Chief Judge of this circuit for the designation of the other two judges.

---

6. Jackson v. Choate, 404 F.2d 910, 913 (5th Cir. 1968).