Jane DOE and Sally Roe, suing on behalf of themselves and all others similarly situated, and David N. Danforth, M.D., Charles Fields, M.D., Ralph M. Wynn, M.D., and Frederick P. Zuspan, M.D., suing on behalf of themselves and all others similarly situated, Plaintiffs,

v.

William J. SCOTT, Attorney General of the State of Illinois, and Edward V. Hanrahan, State's Attorney of Cook County, Illinois, Defendants,

Bart Heffernan, Intervening Defendant.

No. 70 C 395.

United States District Court, N. D. Illinois, E. D.

March 27, 1970.

Sybille Fritzsche, Susan Grossman, Chicago, Ill., for plaintiffs; Marshall Patner, Patner & Karaganis, Chicago, Ill., of counsel.

William J. Scott, Atty. Gen., of Illinois, Chicago, Ill., Frank McGarr and Bernard Genis, Asst. Attys. Gen., Edward V. Hanrahan, State's Atty., Chicago, Ill., James C. Murray and Daniel Coman, Asst. State's Attys., for defendants.

Dennis J. Horan, Thomas M. Crisham, and Jerome A. Frazel, Chicago, Ill., for intervening defendant Bart Heffernan.

Gordan H. S. Scott, Legal Aid Bureau, Chicago, Ill., for intervening plaintiff Mary Poe.

## MEMORANDUM AND ORDER ON MOTIONS FOR LEAVE TO INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER.

ROBSON, District Judge.

The petitioner moves for leave to intervene as a plaintiff in this declaratory judgment action challenging the constitutionality of the Illinois abortion law. Ill.Rev.Stat.1967, ch. 38 § 23–1. She further asks this court to issue a temporary restraining order enjoining the defendants from prosecuting a named doctor, who is a plaintiff in this purported multiple class action, if he terminates her pregnancy. For the reasons set forth below, this court is of the opinion the motion for leave to intervene should be granted, but that the motion for a temporary restraining order should be denied.

The petitioner is a pregnant sixteen-year old high school student who was allegedly abducted, beaten, and raped by two youths on December 31, 1969. Physicians' affidavits attached to the motion to intervene attest that their medical examinations have revealed evidence that the petitioner was raped and is pregnant. The petitioner alleges that the Illinois abortion law challenged in the declaratory judgment action at bar denies her the constitutional right to have her pregnancy terminated. She cites as authority recent decisions which have declared similar abortion provisions of Wisconsin and California unconstitutional. Babbitz v. McCann, 310 F. Supp. 293 (E.D.Wis.1970); People v. Belous, 71 Cal.2d ——, 80 Cal.Rptr. 354, 458 P.2d 194 (1969), cert. den. 397 U.S. 915, 90 S.Ct. 920, 25 L.Ed.2d 96 (1970).[1] Since the petitioner raises

1. A criminal abortion statute of the District of Columbia was also recently invalidated as applied to qualified, licensed physicians. United States v. Vuitch, 305

questions of law identical to those set forth in the complaint in this matter, she is allowed to intervene as a plaintiff pursuant to Rule 24(b), Federal Rules of Civil Procedure.

The petitioner further seeks a temporary restraining order to enjoin the defendants from bringing a criminal action in the courts of Illinois against one of the plaintiff-doctors in this case, Dr. Charles Fields, if he terminates her pregnancy. From the face of the complaint, it appears that the doctor in question is a registered and licensed physician and surgeon in the state of Illinois, and is engaged in the practice of obstetrics and gynecology. It further appears that he is presently Clinical Professor and Acting Chairman of the Department of Obstetrics and Gynecology at the Chicago Medical School, as well as Chairman of the Department of Obstetrics and Gynecology at Mt. Sinai Hospital. Dr. Fields' affidavit, appended to this motion, states that the petitioner's pregnancy may be safely terminated until on or about March 27, 1970, and that he will terminate her pregnancy "if permitted to do so by this court." The petitioner specifically asks this court to protect Dr. Fields "from prosecution as a result of his treatment of the intervener in this case." Petitioner's Memorandum, page 4. The petitioner asserts that unless she receives such judicial assurance, "no one she can safely trust will risk prosecution for her" and she will thereby suffer irreparable harm. Petitioner's Supplemental Memorandum, page 2.

█ Despite the defendants' contentions to the contrary, this is not a case where the so-called anti-injunction statute is applicable. 28 U.S.C. § 2283. No state criminal action is pending, and this case is therefore clearly distinguishable from Babbitz v. McCann, *supra,* wherein both temporary and permanent injunctions were denied the plaintiff-

physician. *Cf.,* Wilson v. Simon, 299 F. Supp. 305, 313 (N.D.Ill.1969). However, this court is of the opinion that it lacks jurisdiction to grant the petitioner the relief she seeks. Although her motion is styled as a prayer for a "temporary" restraining order, in substance she is asking this court to immunize her treating physician from any future prosecution under a presently valid state criminal statute, whatever the ultimate disposition of this litigation. The relief sought by the petitioner in reality constitutes a permanent injunction selectively applied to one individual.

█ Congress has defined the boundaries within which a federal court may enjoin the enforcement of a state statute. An interlocutory or permanent injunction may only be issued by a three-judge court. 28 U.S.C. § 2281. *See also* Collins v. Bolton, 287 F.Supp. 393, 404 (N.D.Ill.1968). A single-judge district court is statutorily prohibited from issuing either an interlocutory or permanent injunction under 28 U.S.C. § 2281. A single-judge court has the limited jurisdiction to grant a temporary restraining order where a showing of a substantial federal question and the threat of immediate irreparable harm has been made. 28 U.S.C. § 2284. The life of a temporary restraining order is brief, and would hardly afford the protection sought here. This court cannot insulate Dr. Fields from future vulnerability under a presently valid state criminal statute, nor may this court eliminate his "risk of prosecution" however compelling the plight of his patient. Only a three-judge court may do so pursuant to 28 U.S.C. § 2284, should it find the challenged statute unconstitutional.

It is therefore ordered that the petition for leave to intervene be, and it is hereby granted.

It is further ordered that the motion for a temporary restraining order be, and it is hereby denied.

F.Supp. 1032 (D.D.C.1969). A three-judge court was convened to consider the constitutionality of the New York abortion statute, although that suit appears to be moot in light of subsequent legislation. Hall v. Lefkowitz, 305 F.Supp. 1030 (S.D.N.Y.1969).