UNITED STATES of America ex rel.
Frederick CASTER, Relator-
Appellant,

v.

The Hon. Vincent R. MANCUSI, Warden
of Attica State Prison, Attica, New
York, Respondent-Appellee.

No. 631, Docket 32583.

United States Court of Appeals
Second Circuit.

Argued June 10, 1969.

Decided Aug. 5, 1969.

Gretchen White Oberman, New York City, The Legal Aid Society, (Milton Adler, The Legal Aid Society, New York City, on the brief), for relator-appellant.

Michael Jaffe, Asst. Atty. Gen., State of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, on the brief), for respondent-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Caster appeals from an order of the United States District Court dated November 15, 1967, denying, without a hearing, his application for a writ of habeas corpus. The appellant was convicted, after a jury trial, of the crimes of forgery and grand larceny and was sentenced on June 6, 1956 to concurrent terms of five to ten years in state prison. No appeal from those judgments was taken.

Ten years later, however, he petitioned the state court for a writ of error *coram nobis*, alleging that a confession introduced against him at trial was involuntary. At the *Huntley* hearing[1] on May 9, 1966, the State relied primarily on the testimony of Charles Austin, a retired police officer, who was the only survivor of those present at the interrogation of the appellant. Austin stated that no one in his presence struck, threatened or made any promises to the appellant, and that the appellant responded to questions alertly and willingly.

Caster, on the other hand, testified that his confession was the product of physical coercion and intimidation. As an indigent, he requested a free trial transcript in which he hoped to find in the testimony of the deceased police officer and stenographer, who were present at the interrogation, something that would be helpful to him. Caster acknowledged, however, that on the advice of counsel, he had not mentioned any claim of physical coercion at his trial.

Reasoning that prosecution witnesses would not have testified about any physical coercion if the appellant himself had

1. Ordered pursuant to the rule of People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).

not raised the issue, the court rejected appellant's request for a transcript. With respect to the merits, the court specifically credited Austin and disbelieved the appellant. Moreover, it drew an adverse inference from the failure of appellant's trial counsel to appear at the *Huntley* hearing. Accordingly, the state trial court ruled that appellant's confession was voluntary and denied his prayer for relief. That order was affirmed by the Appellate Division, on June 15, 1967, and leave to appeal to the New York Court of Appeals was subsequently denied.

Thereafter the appellant sought relief in the federal court on the ground that he had been given an inadequate hearing in the state court. After examining the record of the proceedings at the *coram nobis* hearing and the briefs of both parties, the district court ruled that the issues had been properly developed and that the evidence was sufficient to support the state court's finding. It therefore denied the appellant's petition.

It is clear that there is enough in the record to justify the state court's factual determinations. But the appellant urges that "if the material facts were not adequately developed at the *Huntley* hearing, a federal hearing must be held even though the state court's findings were supported by the evidence adduced." Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963); United States ex rel. Jefferson v. Follette, 396 F.2d 862, 864 (2 Cir.1968). He also argues that access to the transcripts, needed to vindicate legal rights, may not be denied because of the inability of an indigent prisoner to pay for them. Roberts v. LaVallee, 389 U.S. 40, 42, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); United States ex rel. Wilson v. McMann, 408 F.2d 896, 897 (2 Cir.1969). But these principles are inapplicable here, where there is nothing whatever to indicate that there was any mention at all of physical coercion in the transcript, and it is clear that the appellant's claims are based entirely on wishful speculation. Under the circumstances, we conclude

that the transcript was not essential for the development of the facts surrounding the interrogation and we agree with the District Court that the *Huntley* hearing was fair and adequate.

The judgment below is affirmed.