UNITED STATES of America ex rel.
Jesse WILLIAMS, II, Petitioner,

v.

H. W. FOLLETTE, Warden, Green Haven
Prison, Stormville, New York,
Respondent.

No. 69 Civ. 5548(MP).

United States District Court,
S. D. New York.

May 12, 1970.

Jesse Williams, II, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, by Arlene R. Silverman, New York City, for respondent.

## OPINION

POLLACK, District Judge.

Dr. Jesse Williams, II, an inmate serving from five to ten years at Green Haven Prison in Stormville, New York, petitions for habeas corpus relief.

Williams, who was once a duly licensed physician, was convicted of first degree manslaughter by the New York County Supreme Court after a second jury trial in October, 1966. His manslaughter prosecution was brought under Section 1050 of the old New York Penal Law (McKinney's Consol. Laws, c. 40, 1944) and he was found guilty of causing the death of a woman while attempting to procure her miscarriage, the same not being necessary to preserve her life. On September 23, 1969, petitioner's conviction was affirmed, without opinion, by the Appellate Division of the Supreme Court, First Department. Leave to ap-

peal to the New York Court of Appeals was denied on October 9, 1969.

Williams may be understood to have raised six claims herein: i. e., the denial of due process by virtue of (1) the insufficiency of the evidence against him, (2) the trial court's refusal to allow him to testify as an expert medical witness in his own behalf, (3) the trial court's refusal to charge as requested, and (4) the prosecutor's wilful use of allegedly perjured testimony of Dr. Henry Siegel; (5) the prosecution was under an unconstitutional statute, and (6) the denial of equal protection and a fair appellate review by the failure on the appeal to provide defendant with a transcript of the testimony given at the first trial by the principal witness for the prosecution.

Three of the enumerated grounds of attack warrant special attention.

## DENIAL OF TRANSCRIPT AND WILFUL USE OF PERJURED TESTIMONY

During the pendency of petitioner's appeal before the Appellate Division, Williams by a letter dated May 12, 1969, requested copies of the stenographic minutes of his second trial and the transcript of the testimony at the first trial of Dr. Henry Siegel, the deputy chief medical examiner. The state appellate court provided Williams with the minutes of his second trial but declined his application for the requested portion of the first trial transcript. By a letter dated May 15, 1969, the Clerk of the Appellate Division, First Department, advised petitioner that "the first trial terminated in a disagreement, and that no minutes were transcribed."

Petitioner claims he needed the transcript of the earlier testimony to show that Dr. Siegel's testimony at the second trial was perjured and that the prosecutor, who tried both cases, knew of substantial discrepancies in Siegel's testimony. The prosecutor is charged with wilfully employing tainted evidence. See, Mooney v. Holohan, 294 U.S. 103,

55 S.Ct. 340, 79 L.Ed. 791 (1935); Anderson v. United States, 403 F.2d 451, 454 (7th Cir. 1968), cert. denied, 394 U.S. 903, 89 S.Ct. 1009, 22 L.Ed.2d 215 (1969). Williams has not enumerated any specific instances of untruthful testimony, but he asserts that a side-by-side comparison of the two versions given by Dr. Siegel will reveal material inconsistencies.

Apparently overlooked was the existence in fact of a transcript of Dr. Siegel's prior testimony; such a transcript apparently was used at the second trial (Trial Rec. at 372–76; see also, sentence transcript at 5–6), and this may presently be in the possession of either petitioner's trial counsel or the prosecutor. Petitioner avers that he has had no contact with his trial counsel since the day he was sentenced, that such counsel have failed to respond to his "numerous letters" and that no portion of the first trial's transcript was available to him when he prepared his *pro se* appeal.

A line of cases dating from more than a decade ago has "made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution." Roberts v. LaVallee, 389 U.S. 40, 42, 88 S.Ct. 194, 196, 19 L.Ed.2d 41 (1967), and cases there cited. It is undisputed herein that petitioner is indigent and that appellants with adequate resources could have caused the minutes of the first trial to be transcribed by paying a fee to the stenographer. Petitioner was, of course, present at both his trials and heard any discrepancies between the testimony at the prior and subsequent one. However, more than two years had elapsed after the second trial before Williams' appeal was considered. Without the transcript in question, petitioner may not have been able to marshal any testimonial discrepancies relied upon and intelligently press his claim that perjurious testimony was wilfully used against him. Moreover, this is a case where the subject of the proceeding, testimonial discrepancies on the

part of Siegel, can only be illuminated by examining both documents. Compare United States ex rel. Caster v. Mancusi, 414 F.2d 743, 744 (2d Cir. 1969).

■■■ Under the circumstances, therefore, the state should locate the minutes in question or have another transcript prepared of Dr. Siegel's testimony and submit the same to the petitioner within 30 days. *Cf.* Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed. 2d 470 (1970). In view of the fact that neither petitioner nor the appellate courts of New York had the benefit of the prior transcript at the time the issue of the prosecutor's wilful use of perjured testimony was considered, and in light of my determination on the constitutional issue, it is proper to give the New York courts another opportunity to consider this claim. *Cf.* United States ex rel. Martin v. McMann, 348 F.2d 896, 898 (2d Cir. 1965) (en banc).

## UNCONSTITUTIONALITY OF STATUTE

The third claim warranting special attention is that the statute under which the petitioner was prosecuted is unconstitutional. The old New York Penal Law § 1050 (McKinney's 1944) is set forth in pertinent part in the margin.* It is noteworthy that although petitioner was convicted of manslaughter, the conviction was premised solely on the findings that he had performed an abortion, that the abortion produced the death of his patient, and that the operation was not necessary to preserve her life. In no respect was the prosecution based on the theory that death resulted from the physician's criminal negligence. [Compare New York Penal Law § 125.10 (McKinney's 1967); this provision became effective on September 1, 1967, N.Y. Laws 188th Sess.—1965, ch. 1030, and no comparable provision existed under New York law at the time petitioner was tried.]

Petitioner has attacked the statute on numerous grounds, including the ground that laws imposing criminal punishment for the performance of abortions violate a fundamental constitutional right, inherent in notions of privacy, of women to choose whether to bear children. See Babbitz v. McCann, 310 F.Supp. 293 (E.D.Wis.1970, three-judge court); People v. Belous, 80 Cal.Rptr. 354, 359, 458 P.2d 194, 199 (Cal.Sup.Ct. in bank 1969); People v. Robb, Docket Nos. 149005 & 159061 (Orange County, Calif., Mun.Ct. Jan. 9, 1970). *Contra,* Commonwealth v. Brunelle, Docket No. 83879 (Super.Ct. Middlesex County, Mass. Feb. 26, 1970). Williams has also alluded to recent cases in other jurisdictions which overturned abortion laws on the additional grounds that statutory schemes which exempt from punishment the performance of abortions "necessary to preserve" the life of the expectant mother are unconstitutionally vague, People v. Belous, *supra;* United States v. Vuitch, 305 F.Supp. 1032 (D. D.C.1969), prob. juris. noted, 397 U.S. 1061, 90 S.Ct. 1497, 25 L.Ed.2d 683 (April 27, 1970); *Contra,* Babbitz v. McCann, *supra;* Commonwealth v. Brunelle, *supra,* and that such statutes produce invidious discriminations in violation of equal protection of law. United States v. Vuitch, *supra; Contra,* Babbitz v. McCann, *supra;* Commonwealth v. Brunelle, *supra.*

To say the least, these issues present substantial and perplexing questions of constitutional law. *Cf.* Hall v. Lefkowitz, 305 F.Supp. 1030 (S.D.N.Y.1969), which convened a three-judge court to hear such challenges against the provisions of New York's abortion laws which suc-

---

\* A person who provides, supplies, or administers to a woman, whether pregnant or not, or who prescribes for, or advises or procures a woman to take any medicine, drug, or substance, or who uses or employs, or causes to be used or employed, any instrument or other means, with intent thereby to procure the miscarriage of a woman, unless the same is necessary to preserve her life, in case the death of the woman, or of any quick child of which she is pregnant, is thereby produced, is guilty of manslaughter in the first degree.

ceeded Penal Law § 1050 (McKinney's 1944). Adding to the complexity is the fact that while this matter was pending before the federal three-judge court, the New York State Legislature amended the current state abortion laws to exculpate, as justifiable, abortional acts committed upon a female with her consent by a duly licensed physician, or by a female upon herself, "within twenty-four weeks from the commencement of her pregnancy." N.Y. Laws 193rd Sess. —1970, ch. 127, amending New York Penal Law § 125.05(3).

■ The Court is not persuaded that petitioner is barred from raising these claims because he was found to have violated the laws, the validity of which he questions. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), upon which respondent relies, is distinguishable as a special case where the filing of false affidavits was itself the substantive violation which the legislature meant to punish and where the integrity of such a filing scheme was separable from the object of the filing. Nor is the Court convinced that petitioner cannot assert the rights of pregnant women with whom he had a confidential and professional relationship, and whose rights are likely to be adversely affected if not considered in his suit. Petitioner does have standing to assert that the offense he is charged with committing cannot be a crime because of the unconstitutional impact of the offense on others. Griswold v. Connecticut, 381 U.S. 479, 481, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); People v. Belous, 80 Cal.Rptr. at 359, 458 P.2d at 199, n. 5; United States v. Vuitch, 305 F.Supp. at 1035; cf. Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). Furthermore, a claim of unconstitutional vagueness upon the face of the statute, where the vagueness is said to deter constitutionally protected conduct, can be raised regardless of any inconsistency with the defenses raised below, cf. Thornhill v. Alabama, 310 U.S. 88, 98, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); NAACP v. Button, 371 U.S. 415, 432–433, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); United States v. National Dairy Corp., 372 U.S. 29, 36, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963), and even though petitioner failed to object upon the trial of the matter: the vagueness of the statute is not the variety of defect which a trial judge can correct upon timely objection, cf. Henry v. Mississippi, 379 U.S. 443, 448, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). Rather, the accepted learning is that the substantive constitutionality of a state criminal statute can be tested by federal habeas corpus although the claim was not initially made at the state trial court level, provided state remedies were ultimately exhausted. United States ex rel. Swanson v. Reincke, 344 F.2d 260 (2d Cir. 1965), cert. denied, 382 U.S. 869, 86 S.Ct. 144, 15 L.Ed.2d 108 (1965).

■ Accordingly, the three constitutional issues enumerated above, as well as the other constitutional challenges which petitioner has raised, must be considered. However, in view of the recent body of case law overturning abortion statutes and the radical change in public policy as expressed by the state legislature in laws on abortions, the New York courts should be given the initial opportunity to consider these claims. A state court decision could conceivably avoid any decision under the federal Constitution and would avoid any possible irritant in the federal-state relationship. Cf. Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); United States ex rel. DeLucia v. McMann, 373 F.2d 759, 762 (2d Cir. 1967), and cases there cited.

## INSUFFICIENCY OF EVIDENCE

■ Short shrift may be made of petitioner's remaining claims. A review of the trial record herein fully supports the conclusion that the defendant was

given a fair trial in accordance with constitutionally permissible rules of procedure, subject, of course, to an examination of the claim of use of perjured testimony and assuming the validity of the statute. This Court need not review the sufficiency of evidence adduced to sustain a conviction. United States ex rel. Morton v. Mancusi, 393 F.2d 482, 484 (2d Cir. 1968, per curiam), cert. denied sub nom. Morton v. New York, 393 U.S. 927, 89 S.Ct. 262, 21 L.Ed.2d 264 (1968). Moreover, the record herein—subject to the issues reserved above—amply supports the conviction.

### REFUSAL TO ALLOW PETITIONER TO TESTIFY AS EXPERT

The trial judge sustained objections to a line of questions addressed to the defendant by his counsel on re-direct examination calling for expert medical opinion. The questions were disallowed on the stated ground that they called for improper redirect going beyond the scope of cross-examination. The ruling was apparently proper on the additional grounds of the incompetency of the witness to testify as an expert and because no notice had been given that the defense intended to call an expert.

The exclusion of the evidence does not offend fundamental justice and fair play. "Absent such a showing, the writ of habeas corpus is not available to review errors in petitioner's trial in the admission of evidence * * *." United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S.D.N.Y.1961); United States ex rel. Santiago v. Follette, 298 F.Supp. 973 (S.D.N.Y.1969).

### REFUSAL TO CHARGE AS REQUESTED

The trial judge granted the substance of each of petitioner's requests to charge except one which dealt with causation in terms far narrower than did the statute. Trial Rec. at 548; compare New York Penal Law § 1050 (McKinney's 1944). Petitioner also assigns

to the judge a tonal inflection in delivering the charge which is claimed to have violated due process. No such objection was made in the trial court. Neither of these complaints warrants any action by a federal court. United States ex rel. Santiago v. Follette, 298 F.Supp. 973, 974 (S.D.N.Y.1969), and cases there cited.

### CONCLUSION

For the above-stated reasons, the Court denies habeas corpus relief in respect of the insufficiency of the evidence used against petitioner, the refusal to allow him to testify as an expert medical witness in his own behalf and the trial court's refusal to charge as requested. The Court directs respondent to provide petitioner with a copy of Dr. Siegel's testimony at Williams' first trial within 30 days from the date of this opinion. And the Court retains jurisdiction, but withholds consideration of the constitutionality of the statute attacked or the claimed wilful use of perjured testimony, pending the outcome of litigation in the state courts.

So ordered.