**UNITED STATES ex rel. Dr. Jesse WILLIAMS, II, Relator-Appellant,**

**v.**

**John L. ZELKER, Superintendent, Green Haven Correctional Facility (as successor in office of H. W. Follette, deceased, formerly Warden, Green Haven Prison), Stormville, New York, Respondent-Appellee.**

**No. 974, Docket 35381.**

United States Court of Appeals, Second Circuit.

Argued June 1, 1971.

Decided July 2, 1971.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, Samuel A. Hirshowitz, First Asst. Atty. Gen., and Arlene R. Silverman, Asst. Atty. Gen., of counsel, for respondent-appellee.

Cyril C. Means, Jr., New York City, for relator-appellant.

Before CLARK, Associate Justice,* SMITH, Circuit Judge, and ZAVATT,** District Judge.

CLARK, Associate Justice:

This is a habeas corpus application filed in the United States District Court for the Southern District of New York in which the appellant claims numerous defects in his conviction of manslaughter in the first degree in the Supreme Court of New York County, N. Y. The conviction was based on the performance by appellant, formerly a licensed physician, of an abortion upon Sara Carr who died soon after the operation was concluded. The District Court withheld consideration of the merits of appellant's claims and remitted him to the state courts for a determination of the legal issues involved before proceeding further in the federal court. United States ex rel. Williams v. Follette, 313 F.Supp. 269 (S.D.N.Y.1970). We hold that the District Court erred in withholding consideration of the constitu-

* Associate Justice, United States Supreme Court (Ret.), sitting by designation.

** District Judge, Eastern District of New York, sitting by designation.

tionality of the statute attacked, and vacate the judgment below.

## I. *Proceedings in the State Courts*

Appellant's first trial on the two count indictment ended in a hung jury; on retrial he was convicted on the first count charging abortional manslaughter and acquitted on the second count charging simple abortion. The conviction was pursuant to the New York Penal Law § 1050 (McKinney's Consol. Laws, c. 40, 1944), which was repealed, effective September 1, 1967. Section 1050 provided *inter alia* that a

> "person who * * * uses or employs * * * any instrument or other means, with intent thereby to procure the miscarriage of a woman, unless the same is necessary to preserve her life, in the case of the death of the woman * * * is guilty of manslaughter in the first degree."

Although appellant was represented by counsel at trial, he prosecuted his appeal *pro se* in the New York Appellate Division, raising for the first time the claim that § 1050 was unconstitutional because it interfered with the right of privacy protected by the Fourth, Ninth and Fourteenth Amendments of the Federal Constitution.

While his appeal was pending before the Appellate Division, 1st Department of New York, appellant requested copies of the stenographic minutes of his second trial and the minutes of the testimony of Dr. Siegel, the deputy chief medical examiner, at his first trial. The Appellate Division granted the former request, but denied the second, stating that the minutes of the first trial had not been transcribed.

Appellant's conviction was affirmed unanimously by the Appellate Division, without opinion, on September 23, 1969, and the New York Court of Appeals subsequently denied leave to appeal.

## II. *Disposition Below*

Appellant then sought federal habeas corpus relief, raising several alleged grounds of error.

In an opinion dated May 12, 1970, the District Court rejected appellant's claims that the evidence was insufficient, that the trial court erred in refusing to allow him to testify in his own behalf as a medical expert, and that the denial of his requested charge to the jury was improper.

Appellant also claimed that the Appellate Division erred in refusing his request for the testimony of Dr. Siegel at the first trial, alleging that Dr. Siegel's testimony at the second trial was perjury, that there were material discrepancies between Siegel's testimony at the two trials, and that the prosecution knowingly used Siegel's perjured testimony. The District Court held that appellant was improperly denied a transcript because he was indigent, citing Roberts v. LaVallee, 389 U.S. 40, 42, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), and Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), and ordered the state to submit a transcript of the minutes in question within 30 days.

Finally, appellant contended that the statute, § 1050, was unconstitutional on vagueness, equal protection, and privacy grounds. The District Court agreed that these claims were substantial, and rejected the state's claim that appellant was barred from raising them because he violated the statute and did not have standing to assert the rights of pregnant women. The court below declined to pass on appellant's constitutional claims, however, stating that:

> "in view of the recent body of case law overturning abortion statutes and the radical change in public policy as expressed by the state legislature in laws on abortions, the New York courts should be given the initial opportunity to consider these claims. A state court decision could conceivably avoid any decision under the federal Constitution and would avoid any possible irritant in the federal-state relationship." United States ex rel. Williams v. Follette, 313 F.Supp. 269, 273 (S.D.N.Y., 1970).

The court withheld consideration of the constitutionality of the statute or the claimed use of perjured testimony, noting that it retains jurisdiction, pending the outcome of litigation in the state courts.

### III.

Appellant concedes that he has not exhausted his state remedies regarding his vagueness claim as to the phrase "necessary to preserve [the woman's] life" in § 1050. He has abandoned this contention. We note in this regard that a similar claim as regards the District of Columbia abortion statute was rejected by the Supreme Court in United States v. Vuitch, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971). The Supreme Court did not there address itself to appellant's claim of unconstitutionality under the Fourth, Ninth and Fourteenth Amendments.[1]

■ Appellant contends, however, that he properly raised the issue of the constitutionality of the statute as regards the privacy issue in the Appellate Division and that he should not be required to exhaust his state remedies a second time. We conclude that appellant's point is well taken.

In Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), the Court rejected the claim that a federal district court should decline to entertain a habeas application so long as any other state remedy remained available, stating that Congress did not, in 28 U.S.C. § 2254, "intend to require repetitious applications to state courts." Id., at 449 n. 3, 73 S.Ct. at 403. In Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) the Court applied this principle to a case in which state court

relief was virtually assured. There petitioner had raised before the Appellate Division the claim that the trial court erred in denying him a free transcript of a preliminary hearing. Both the Appellate Division and the federal District Court on habeas corpus denied relief. Subsequently, in People v. Montgomery, 18 N.Y.2d 993, 278 N.Y.S.2d 226, 224 N.E.2d 730 (1966), the New York Court of Appeals held that the statutory requirement of payment for a preliminary hearing transcript was invalid as applied to indigents under both the federal and state Constitutions. On appeal in Roberts v. LaVallee the Second Circuit held that petitioner should apply to the state courts for relief under the *Montgomery* doctrine and dismissed the habeas petition without prejudice. The Supreme Court vacated and remanded *per curiam*, holding that

> "More state litigation would be both unnecessarily time-consuming and otherwise burdensome. This is not a case in which there is any substantial state interest in ruling once again on petitioner's case." *Id.*, 389 U.S. at 43, 88 S.Ct. at 196.

The decisions in Brown v. Allen and Roberts v. LaVallee, *supra*, make it clear that the exhaustion doctrine is not based on "the mere possibility of a successful application to the state courts." 389 U.S. at 42, 88 S.Ct. at 196. This is not a case in which a change in state law has opened a procedural avenue not previously available, Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846 (1900), or where there has been a change in federal substantive law, Blair v. California, 340 F.2d 741 (C.A.9, 1965), prior to petitioner's application for federal review. Neither principles

---

1. Two cases are presently pending and will be heard in the Supreme Court during the October Term, 1971. The first, Mary Doe, et al. v. Arthur K. Bolton, Attorney General of the State of Georgia, et al., No. 971, 1970 Term, is a declaratory judgment action in which a three-judge United States District Court struck down portions of Georgia's anti-abortion statute but refused to grant injunctive re-

lief on the grounds of abstention; the second is No. 808, 1970 Term, Jane Roe, et al. v. Henry Wade, District Attorney of Dallas County. It also is an appeal from a declaratory judgment holding the Texas anti-abortion statute unconstitutional. These cases raise both the privacy issue, posed here, and the abstention question.

of comity nor an interest in a creative federal-state judicial partnership warrant further delay in disposition of appellant's claim for relief. The record shows that appellant's claim of unconstitutionality was raised and in issue before the Appellate Division which affirmed his conviction without opinion and without dissent. We take it that this disposition rejected both his state and federal constitutional claims. Appellant has apparently already spent six years in confinement, and we see no compelling justification for the District Court's holding that he must give the New York courts another opportunity to consider his constitutional challenge to the validity of the abortion-manslaughter statute.

Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), and Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L. Ed.2d 701 (1971), are not apposite. The relief sought there was against criminal prosecutions then in progress. Appellant's case is a habeas corpus action attacking his final and previous conviction and present incarceration in the state's prison. Further, the state statute which appellant attacks has been repealed and hence the decision here could have little impact other than upon appellant's previous conviction.

We agree with the District Court that appellant had standing to raise the constitutional issues. Certainly Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), stands for the proposition that a physician has standing to assert the rights of his patients when the offense he is charged with committing has an alleged unconstitutional impact on them. The State's argument, that appellant would not be entitled to the benefit of a ruling that § 1050 is unconstitutional since the statute was valid at the time of his conviction, is fatuous. A *purely* prospective ruling—*i. e.*, one not applicable to the party before it—would probably violate the case or controversy requirement.

The order of the District Court is vacated, and the case is remanded to the District Court for proceedings consistent with this opinion.