UNITED STATES ex rel. Dr. Jesse WILLIAMS II, Petitioner-Relator,

v.

Peter PREISER, Commissioner of the Department of Correctional Services of the State of New York, and

Paul J. Regan, Chairman of the Board of Parole of the State of New York

(as successors in the imposition of restraint upon the liberty of Petitioner,

of

(1) H. W. Follette, Warden, Green Haven Prison, Stormville, New York,

(2) John L. Zelker, Superintendent, Green Haven Correctional Facility, Stormville, New York, and

(3) Leon J. Vincent, Superintendent, Green Haven Correctional Facility, Stormville, New York), Respondents.

No. 69 Civ. 5548.

United States District Court, S. D. New York.

June 20, 1973.

Cyril C. Means, Jr., New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., by Arlene R. Silverman, Asst. Atty. Gen., New York City, for State of New York.

MEMORANDUM

STEWART, District Judge:

Petitioner was convicted in 1966 of violating the abortion-manslaughter section of former New York Penal Law § 1050 after an abortion performed upon Sara Carr at her request and within the first trimester of her pregnancy caused her death.

Petitioner was sentenced to a term of "not less than 5 nor more than 10 years" to be served in State's prison, and his license to practice medicine was revoked.

In 1969 petitioner sought a federal writ of habeas corpus claiming that the statute under which he was incarcerated was unconstitutional. The District Court dismissed petitioner's application to provide the New York courts an opportunity to reconsider his claim in view of rapidly changing public policy. On July 2, 1971, the United States Court of Appeals for the Second Circuit held that petitioner had exhausted his state remedies and remanded the case to the District Court for further proceedings.

■ Petitioner is presently on conditional release having already served seven years in prison. Both parties agree that if petitioner were being prosecuted today for a violation of section 1050 of former New York Penal Law, the indictment would be quashed on the ground that the statute, as applied to petitioner, was unconstitutional, according to the intervening decision on January 22, 1973 of the Supreme Court of the United States in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The primary issue before this Court is whether Roe v. Wade should be retrospectively applied to establish the unconstitutionality of the New York abortion-manslaughter statute as of the date of Sara Carr's abortion in 1965 and as of the date of petitioner's second trial in 1966.

On this question this Court finds for petitioner as a matter of law.

In Roe v. Wade, the Supreme Court established that a statute such as section 1050 of former New York Penal Law is violative of the Due Process clause of the fourteenth amendment. The Supreme Court did not expressly rule on the restrospectivity of its abortion decisions, but recent pronouncements by the Court as to this aspect of its constitutional adjudications of criminal cases strongly support the notion that a judicial decision as to a substantive freedom should be afforded retrospective effect. Robinson v. Neil, 409 U.S. 505, 511, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973); Desist v. United States, 394 U.S. 244, 249–250, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1968).

■ The state has at the last minute raised the argument that petitioner be required to re-exhaust his state remedies in light of Roe v. Wade.

Exhaustion of state remedies has long been a strict requirement in habeas corpus proceedings, and the so-called exhaustion doctrine was defined by the Supreme Court a decade ago: the Federal courts ought not to discharge one restrained of his liberty in violation of the Federal Constitution or laws unless the State courts have been appealed to in the first instance. Fay v. Noia, 372 U.S. 391, 418–419, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), quoting Cook v. Hart, 146 U.S. 183, 194–195, 13 S.Ct. 40, 36 L.Ed. 934 (1892). See Stanton, Primary Requirements for the Application of the Federal Writ of Habeas Corpus and its Problem Areas, 3 St. Mary's L.Jo. 215, 220–21 (1971).

At the time petitioner filed his application for a federal writ of habeas corpus, he had done everything he could do to get the state courts to overturn his abortion-manslaughter conviction. He raised the constitutional issue before the Appellate Division, People v. Williams, 33 A.D.2d 534, 304 N.Y.S.2d 214 (1969), and was denied leave to appeal to the State Court of Appeals. The United States Court of Appeals has since ruled that a change in the law in some states and a change in public policy generally should not require this petitioner to re-exhaust state remedies. United States ex rel. Williams v. Zelker, 445 F.2d 451 (2d Cir. 1971). To hold that an intervening decision which supports the position advanced by petitioner for the past seven years should now require petitioner to go back to the state courts would be to carry the exhaustion doctrine to an unreasonable extreme. See Robinson v. Neil, *supra*; Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

Petitioner's conviction and sentence for violating section 1050 of former New York Penal Law are hereby declared to be null, void, and of no effect, and

It is hereby ordered that petitioner's application for a Federal writ of habeas corpus be and hereby is granted, and

It is further ordered that the New York State Department of Correctional Services forthwith release petitioner from custody and all restraint upon his liberty upon receipt of a certified copy of this order, and

It is further ordered that the costs of this proceeding shall be allowed to petitioner against respondents herein.

It is so ordered.