**UNITED STATES ex rel. Dr. Jesse WIL-LIAMS, II, Petitioner-Appellee,**

v.

**Peter PREISER, Commissioner of the Department of Correctional Services of the State of New York, et al., Respondents-Appellants.**

**No. 356, Docket 73–1935.**

United States Court of Appeals,
Second Circuit.

Argued March 29, 1974.

Decided May 9, 1974.

Arlene R. Silverman, Asst. Atty. Gen., of N. Y. (Louis J. Lefkowitz, Atty. Gen., of N. Y., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondents-appellants.

Cyril C. Means, Jr., New York City, for petitioner-appellee.

Before KAUFMAN, Chief Judge and SMITH and ANDERSON, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

On October 24, 1966, Dr. Jesse Williams, II, a licensed physician, was convicted by a jury for manslaughter in the first degree under former New York Penal Law § 1050 [1] McKinney's Consol. Laws, c. 40, for the death of Miss Sara Carr following an abortion he performed upon her at his office. He was sentenced to 5 to 10 years imprisonment, and was released on parole in 1972.

At the time of the abortion, July 23, 1965, Miss Carr was in her second month of pregnancy. Death resulted from a series of seizures, the cause of which remains unknown. The medical examiner testified that the operation was perfectly performed, and although Dr. Williams did not call an ambulance

---

1. Section 1050, which was superseded in 1967 by § 125.20(3) of the New York Penal Law, derived from the 1881 Penal Code § 192 and stated:

"A person who provides, supplies, or administers to a woman, whether pregnant or not, or who prescribes for, or advises or procures a woman to take any medicine, drug, or substance, or who uses or employs, or causes to be used or employed, any instrument or other means, with intent thereby to procure the miscarriage of a woman, unless the same is necessary to preserve her life, in case the death of the woman, or of any quick child of which she is pregnant, is thereby produced, is guilty of manslaughter in the first degree."

and report Miss Carr's death until hours after it occurred, the State has not shown that negligence in this respect prevented the patient from being resuscitated. United States ex rel. Williams v. Follette, 313 F.Supp. 269, 272 (S.D. N.Y.1970).

Dr. Williams appealed his conviction, claiming that § 1050 violated the privacy protections of the Constitution, but the conviction was affirmed without opinion, 33 A.D.2d 534, 304 N.Y.S.2d 214 (Case I) (1st Dept. 1969), and leave to seek review by the Court of Appeals was denied.

He then petitioned for a writ of habeas corpus, but the district court (Pollack, Judge), denied relief and instructed him to give the State an opportunity to reconsider in light of New York's liberalized abortion procedure, McKinney's Session Laws of New York, 193rd Session—1970, ch. 127,[2] and court decisions indicating that abortions were matters of constitutional right. United States ex rel. Williams v. Follette, *supra*, at 272, 274. On appeal of that ruling this court held exhaustion did not require State reconsideration and remanded for a decision on the merits. United States ex rel. Williams v. Zelker, 445 F.2d 451, 454 (2 Cir. 1971). The petitioner agreed to a stay pending the Supreme Court's decisions in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). Subsequently the district court (Stewart, Judge) held Roe v. Wade should be retroactively applied and granted the writ. United States ex rel. Williams v. Preiser, 360 F.Supp. 667, 668 (S.D.N.Y. 1973). The State now appeals.

The State concedes that if the due process right to privacy or intimacy recognized in *Roe* is to be given retroactive effect, Dr. Williams' conviction is void. Texas State Penal Code Article 1194, Vernon's Ann., found unconstitutional in *Roe*, was identical in purpose and effect to § 1050. See 410 U.S. 117–118, n. 1. Miss Carr's abortion occurred during her first trimester, when "the attending physician, in consultation with his patient, is free to determine, without regulation by the State, that, in his medical judgment, the patient's pregnancy should be terminated." At 163. And this abortion was performed by "a physician currently licensed by the State." At 165. See Doe v. Bolton, 410 U.S. 195, 199.

In Vuitch v. Hardy, 473 F.2d 1370 (4 Cir. 1973), the Fourth Circuit affirmed per curiam the grant of habeas corpus because of the retroactive effect of *Roe*, and the Supreme Court denied certiorari. 414 U.S. 824, 94 S.Ct. 126, 38 L.Ed. 2d 57 (1973). Post-conviction relief was also granted a doctor on the basis of *Roe* in State v. Ingel, 18 Md.App. 514, 308 A.2d 223 (Court of Special Appeals of Maryland 1973).

New York stresses that *Roe* was a surprise holding and that retroactive application would disregard the justifiable reliance in 1966 that § 1050 always would be good law.[3] But a presumption of constitutionality is present in all

---

2. This amendment, embodied in § 125.-05(3)(b) of the Penal Law (McKinney's 1973–74 Supp.), defines the performance of a consensual abortion by a "duly licensed physician . . . within twenty-four weeks from the commencement of . . . pregnancy" as a "justifiable abortional act."

3. The State contends that, because the doctor delayed in reporting Miss Carr's death after the abortion, it might have been able to prosecute Williams for criminal negligence, see New York Penal Law § 125.10, but that it chose to rely on the abortion statute instead. The statute of limitation has tolled on any criminal negligence prosecution, and New York claims that it has been, therefore, damaged by justifiable reliance. This reliance interest, however, is not as substantial as it first appears because Williams had raised his constitutional challenge, and other authorities had begun to question the constitutionality of abortion prosecutions before the statute of limitations had tolled. New York had the opportunity to try to prove criminal negligence, but chose not to pursue it.

state prosecutions, Robinson v. Neil, 409 U.S. 505, 509, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973), and is never enough by itself to bar habeas corpus for one restrained under the authority of a statute subsequently declared unconstitutional. Ex Parte Siebold, 100 U.S. 371, 25 L.Ed. 717 (1879).

Roe recognized a substantive right to privacy and forbids the State from regulating abortions such as the one Dr. Williams performed. The Supreme Court has stated, "No circumstances call more for the invocation of a rule of complete retroactivity." United States v. United States Coin and Currency, 401 U.S. 715, 724, 91 S.Ct. 1041, 1046, 28 L.Ed.2d 434 (1971). See Prospective Overruling and Retroactive Application in the Federal Courts, 71 Yale L.J. 907 (1962).[4]

 If licensed physicians have a constitutional right to perform non-negligent, consensual abortions without fear of prosecution, Dr. Williams cannot remain deprived of liberty for having done so. Section 1050 is, "in legal contemplation, as inoperative as though it had never been passed." Norton v. Shelby County, 118 U.S. 425, 442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178 (1886). This declaration of retroactive invalidity assures the supremacy of the newly recognized substantive right over a state's power to punish.[5] See Wechsler, Toward Neutral Principles of Constitutional Law, 73 Harv.L.Rev. 1 (1959).

The granting of the writ is affirmed.

4. In civil cases, prospective overruling has been invoked when private or public parties have justifiably relied to their potential detriment on prior decisions upholding the validity of an unconstitutional statute. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Great Northern Railway Co. v. Sunburst Oil & Refinery Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932); Kuhn v. Fairmont Coal Co., 215 U.S. 349, 370, 30 S. Ct. 140, 54 L.Ed. 228 (1910) (Holmes, J., dissenting); Gelpcke v. City of Dubuque, 1 Wall. 175, 17 L.Ed. 520 (1863). In criminal cases, prospective rulings have protected private parties who justifiably relied on the invalidity of a criminal statute. James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961). State reliance has also been protected by prospective rulings in criminal cases where new procedural rights have been incorporated, and the reliability of convictions attained prior to incorporation was not in question. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L. Ed.2d 248 (1969); Stovall v. Denno, 388 U. S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). See Mishkin, The High Court, The Great Writ, and the Due Process of Time and Law, 79 Harv.L.Rev. 56 (1965). But prospectivity remains "an exception to the general rule of retroactivity," and, when a new right is recognized that is intended "to prevent a trial from taking place at all," reliance in criminal cases is irrelevant, and retroactivity is presumed. Robinson v. Neil, 409 U.S. 505, 507–508, 509, 93 S.Ct. 874, 877, 35 L.Ed.2d 29 (1973).

5. A court can easily determine, as was done below, whether the abortion, at the time and in the manner performed, is protected under the Roe and Doe standards, and no new trial is needed after such a determination.