Dr. Richard P. MUCIE, Petitioner,

v.

**MISSOURI STATE DEPARTMENT OF CORRECTIONS et al., Respondents.**

No. 76–1477.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1976.

Decided Nov. 2, 1976.

---

Roy Lucas, Washington, D. C., for petitioner; Irving Achtenberg, Kansas City, Mo., on the brief.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for respondents; John C. Danforth, Atty. Gen., Jefferson City, Mo., on the brief.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

The United States District Court for the Western District of Missouri, the Honorable William H. Becker, Chief Judge, presiding, denied Dr. Richard P. Mucie's motion for habeas corpus under 28 U.S.C. § 2254 on the ground that he had failed to exhaust his state remedies. This appeal followed. We reverse and remand to the district court to give immediate review of Dr. Mucie's petition.

In 1968 petitioner was convicted in the Missouri state court of manslaughter-abortion under Mo.Rev.Stat. § 559.100 (1959). Throughout his trial and appeal Dr. Mucie challenged the constitutionality of the stat-

ute because it invaded the right of privacy. The Supreme Court of Missouri refused to pass on this issue because Dr. Mucie denied having performed the abortion on the deceased victim and the court held he therefore lacked standing to challenge the constitutionality of the statute. His conviction was affirmed. *State v. Mucie*, 448 S.W.2d 879 (Mo.1970), *cert. denied*, 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970).

Petitioner received a 10-year sentence and served from January 28, 1970, to March 30, 1971, when he was released on parole. His parole will expire with the end of his sentence on July 27, 1977. The Missouri Board of Registration for the Healing Arts revoked Dr. Mucie's license to practice medicine on May 4, 1971.[1]

On October 3, 1972, the Supreme Court of Missouri held Mo.Rev.Stat. § 559.100 (1969) to be constitutional. *Rodgers v. Danforth*, 486 S.W.2d 258 (Mo.1972). Four months later on January 22, 1973 the United States Supreme Court decided *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), declaring abortion statutes similar to § 559.100 to be unconstitutional. On May 18, 1973, a three-judge federal panel enjoined the State of Missouri from bringing further prosecutions under § 559.100. *Rodgers v. Danforth*, Civil No. 18360–Z (W.D.Mo., filed May 18), *aff'd mem.*, 414 U.S. 1035, 94 S.Ct. 534, 38 L.Ed.2d 327 (1973).

In September, 1973 petitioner sought a writ of habeas corpus in the United States District Court for the Western District of Missouri. Relief was denied on the ground that petitioner had not exhausted his state post-conviction remedy. On December 5, 1973, Dr. Mucie filed a motion in state court to vacate his conviction pursuant to Mo.R. Crim.P. 27.26. For some unknown reason, the state did not file a response until almost a year later, November 7, 1974, and did not serve petitioner's counsel with this response until October 15, 1975. Having received no decision from the state court, petitioner commenced this action on January 14, 1976. Thereafter, on February 13, 1976, the Circuit Court of Jackson County, Missouri, issued an order denying Rule 27.26 relief on the ground that *Roe v. Wade, supra,* and *Doe v. Bolton, supra,* were not to be applied retroactively. Petitioner has appealed this decision to the Missouri Court of Appeals.

Following this Missouri Circuit Court action petitioner renewed his claim in the federal district court. He has once again been denied relief by the federal district court on the ground that he still has not exhausted his remedies in the state court. Appealing this denial he asserts that, because of the delay in the state proceedings and the additional time interval before the Missouri appellate court can hear his case, he should be able to pursue his more immediate remedy in federal district court. Alternatively, he argues that it would be futile to require additional exhaustion in the state court since the Supreme Court of Missouri has already ruled that he has no standing to challenge the Missouri statute.

This case comes to us in an unusual posture. Although the Missouri State Board of Registration for the Healing Arts has now restored Dr. Mucie's license to practice medicine, he asserts that his status as a parolee substantially infringes on his rights, and that he is entitled to a more immediate disposition of his case than the state has afforded. We note that Dr. Mucie has attempted to get adjudication of his rights since October of 1973. Whatever the reason for the delay, it was not until February 13, 1976, that the state court passed on his petition, and it now appears that he will have to wait another year before the intermediate court in Missouri will pass on his appeal. If he were unsuccessful in the Missouri Court of Appeals, petitioner conceivably would have still further delay in exhausting his state remedy.

■■■ We find the above circumstances present a case where further exhaustion of a state remedy is unnecessary. It is true

---

1. We are informed that Dr. Mucie's license has now been restored.

that exhaustion of state processes is a precondition to a federal forum in habeas corpus. However, exhaustion is a doctrine of comity and where it appears the state has been unnecessarily and intentionally dilatory (here the state did not file a response to Dr. Mucie's state court petition for over a year), to hold that a petitioner is still precluded from pursuing his remedy in a federal court reduces the Great Writ to a sham and mockery.[2]

There is an additional reason presented here which strongly suggests further exhaustion is unnecessary. It is true that a significant decision casting the legal issue in a fundamentally different light has occurred since the Supreme Court of Missouri first passed on Mucie's conviction. Ordinarily this weighs heavily in favor of requiring further application to the state court. However, here petitioner was not turned away by the Supreme Court of Missouri on the merits, but was refused standing to challenge the statute, since he had not admitted his role in the abortion. There is nothing which indicates that this unusual application of Missouri law on standing has changed.[3] The exhaustion doctrine requires only that the state courts have one full and fair opportunity to decide a question which is properly presented to it. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); and *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

In the instant case we agree with the district court for the Southern District of New York that "[t]o hold that an intervening decision which supports the position advanced by petitioner for the past [several] years should now require petitioner to go back to the state courts would be to carry the exhaustion doctrine to an unreasonable extreme." *United States ex rel. Williams v. Preiser*, 360 F.Supp. 667 (S.D.N.Y.1973), aff'd, 497 F.2d 337 (2d Cir.), cert. denied, 419 U.S. 1058, 95 S.Ct. 642, 42 L.Ed.2d 655 (1974). We therefore remand for an immediate review on the merits, noting that at least two circuits have applied *Roe* retroactively. *See United States ex rel. Williams v. Preiser, supra; Vuitch v. Hardy*, 473 F.2d 1370 (4th Cir.), cert. denied, 414 U.S. 824, 94 S.Ct. 126, 38 L.Ed.2d 57 (1973). If our sister circuits are correct, petitioner should be given immediate relief.

Judgment reversed and remanded to the district court for further proceedings in accord with this opinion.

---

2. In *Barry v. Sigler*, 373 F.2d 835, 838–39 n. 4 (8th Cir. 1967), we said:

Only when evidence is produced that shows the state delay is a result of discrimination against the petitioner, amounting to a denial of process, should federal intervention proceed to a hearing upon the merits. *Jones v. Crouse*, 10 Cir., 360 F.2d 157. See also *United States ex rel. O'Halloran v. Rundle*, D.C., Penn., 260 F.Supp. 840 (1966).

3. It is true, as the state contends, that the Supreme Court held that physicians do have standing in these cases. *Doe v. Bolton*, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973). However, the Court's theory in *Doe* was that the "physician is the one against whom these criminal statutes directly operate in the event he procures an abortion that does not meet the statutory exceptions and conditions. The [physicians], therefore, assert a sufficiently direct threat of personal detriment." *Id.* The reasoning of the Missouri Supreme Court was different. They held that "[t]he *posture* of [Dr. Mucie's] case [did] not present nor involve issues entitling him to a determination of his alleged constitutional question. . . . [O]ne may not urge unconstitutionality of a statute who is not harmfully affected by the particular feature of the statute alleged to be unconstitutional. . . . His testimony did not go to a defense based on the exception to the statute 'unless the same is necessary to preserve her life,' but went, rather, to a defense . . . that he did not do it . . . ." *State v. Mucie*, 448 S.W.2d 879, 886 (Mo.1970) (emphasis added). The Supreme Court's ruling on standing does not cast this reasoning in a fundamentally different light.