**J.E. POWELL, Petitioner,**

v.

**Gary LIVESAY, et al., Respondents.**

**Civ. A. No. 3:86–1074.**

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 6, 1987.

On Motion to Dismiss Feb. 19, 1987.

On Reconsideration March 20, 1987.

William Reddick, Jr., Asst. Federal Public Defender, Nashville, Tenn., for petitioner.

Norma Crippen Ballard, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDERS

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. J.E. Powell applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody of the respondent-warden within the Eastern District of Tennessee, 28 U.S.C. § 123(a)(4), pursuant to the judgment of July, 1978 of the Criminal Court of Tennessee for its 22d judicial district (encompassing Giles County) within this District in violation of the federal Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause, and Fourteenth Amendment, Rights to Due Process and the Equal Protection of the Law Clauses. 28 U.S.C. §§ 2241(c)(3), 2254(a). The applicant claims the existence of circumstances rendering the corrective process of the state of Tennessee ineffective to protect his federal right as its prisoner, 28 U.S.C. § 2254(b), in that nine or ten months have elapsed since he filed a petition for the writ of habeas corpus in the trial Court which convicted him without action's having been taken thereon.

"[A] state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). The exhaustion-requirement enacted as 28 U.S.C. §§ 2254(b), (c), "is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the [federal] Constitution.'" *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (citation omitted).

■ "However, exhaustion is a doctrine of comity and where it appears the state has been unnecessarily and intentionally dilatory, ... to hold that a petitioner is still precluded from pursuing his remedy in federal court reduces the Great Writ to a sham and mockery." *Mucie v. Missouri State Dept. of Corrections,* 543 F.2d 633, 636 (8th Cir.1976) (footnote-references omitted). For that reason, "an inordinate and unjustified delay in the state corrective process may well ... be such a circumstance as to render that process ineffective," *Dixon v. Florida,* 388 F.2d 424, 425 (5th Cir.1968), thereby enabling a federal court to consider the merits of unexhausted claims. Accordingly, it hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom and that a copy of the petition herein and of this order be served by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. The noticed slow movement of the mail provides good cause for the additional time allowed. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P.

### ON MOTION TO DISMISS

The respondent answered, *see* order of January 6, 1987, and moved this Court to dismiss the petition herein on the ground of the applicant's failure to have exhausted his available state-remedies. 28 U.S.C. § 2254(b). It is the respondent's contention that a hearing on Mr. Powell's petition for the state writ of habeas corpus was held on January 16, 1987 and that such petition was dismissed by the Criminal Court of Tennessee for its 22d judicial district (encompassing Giles County), although as of January 27, 1987, the formal order of dismissal thereof had not been signed and entered by the trial court.

The respondent asserts that, before this Court may entertain the petition herein, Mr. Powell is required to exhaust his claims presented herein by presenting them on appeal to the courts of Tennessee. "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies * * * have been exhausted." *Ex parte Hawk,* 321 U.S. 114, 116–117, 64 S.Ct. 448, 450[5], 88 L.Ed. 572 (1944).

■ It appears however, that Mr. Powell has no available state-remedy. The Tennessee Rules of Appellate Procedure require that an order, dismissing Mr. Powell's state petition for habeas corpus, be entered by the trial court before the Tennessee Court of Criminal Appeals may consider his claims. Tenn.R.App.P. 3(b). Thus, the Court hereby FINDS that Mr. Powell has exhausted his available state remedies,* and the respondent's motion to dismiss the petition herein hereby is

DENIED.

The respondent hereby is ALLOWED 20 days in which to respond further as to the merits hereof, *see* order of January 6, 1987 herein.

■ It hereby is DETERMINED that Mr. Powell is unable financially to obtain representation of counsel herein and that the interests of justice require that he be furnished such representation. 18 U.S.C. § 3006A(g). Accordingly, it further hereby is

ORDERED that the federal public-defender for this District, or his designee,

---

* Such finding is predicated upon the supposition that the pertinent order has not been signed and · entered to date and is subject to further consideration should the Court discover otherwise.

furnish representation herein to the petitioner pursuant to the Plan of this District for furnishing representation for persons unable financially to obtain adequate representation. *Id.*

It is also ORDERED that the clerk of this Court provide such defender with copies of the pleadings herein and of this order and to allow him or her to withdraw in preparation, the entire court file.

## ON MOTION FOR RECONSIDERATION

 The respondent filed a motion for reconsideration of this Court's memorandum opinion, findings, and orders of February 19, 1987 herein, wherein the respondent's motion to dismiss the petition was denied herein because of the failure of the petitioner to exhaust his available state-remedies. It has now been made clear that the formal order of dismissal of Mr. Powell's petition for the state writ of habeas corpus was signed and entered by the trial Court on March 3, 1987; it appears, therefore, that he now has available a state-remedy and is required to exhaust his claims presented herein by presenting them on appeal to the courts of Tennessee. *Ex parte Hawk*, 321 U.S. 114, 116–117, 64 S.Ct. 448, 450[5], 88 L.Ed. 572 (1944).

Thus, in the interests of comity between the states and the federal government, this Court hereby FINDS that Mr. Powell has failed to exhaust his available state-remedies and thereby "give the state an initial opportunity to pass upon and correct [the] alleged violations of its prisoner's federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971).

Accordingly, the respondent's motion for reconsideration hereby is

GRANTED, and the instant application of the petitioner is

DENIED for his failure to have exhausted by available procedures remedies of the state of Tennessee which are effective to protect his rights as a prisoner.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.

Civ.P., he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), F.R. App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P. As it appears clearly from the record herein that the petitioner has not exhausted his available state-remedies, such certificate will NOT issue, *id.*