# WILWORDING ET AL. *v.* SWENSON, WARDEN

No. 70–5308. Decided December 14, 1971

PER CURIAM.

On the ground that they challenged only their living conditions and disciplinary measures while confined in maximum security at Missouri State Penitentiary, and did not seek their release, petitioners' state habeas corpus petitions were dismissed. The Missouri Supreme Court affirmed. Petitioners then sought federal habeas corpus in the District Court for the Western District of Missouri. The District Court dismissed the petitions and the Court of Appeals for the Eighth Circuit affirmed, 439 F. 2d 1331. Although petitioners had exhausted state habeas relief the Court of Appeals agreed with the District Court that the requirements of 28 U. S. C. § 2254 had not been satisfied because petitioners had not invoked any of a number of possible alternatives to state habeas including "a suit for injunction, a writ

of prohibition, or mandamus or a declaratory judgment in the state courts," or perhaps other relief under the State Administrative Procedure Act. *Id.,* at 1336.

## I

Section 2254 does not erect insuperable or successive barriers to the invocation of federal habeas corpus. The exhaustion requirement is merely an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. *Fay* v. *Noia,* 372 U. S. 391, 438 (1963). Petitioners are not required to file "repetitious applications" in the state courts. *Brown* v. *Allen,* 344 U. S. 443, 449 n. 3 (1953). Nor does the mere possibility of success in additional proceedings bar federal relief. *Roberts* v. *LaVallee,* 389 U. S. 40, 42–43 (1967); *Coleman* v. *Maxwell,* 351 F. 2d 285, 286 (CA6 1965). Whether the State would have heard petitioners' claims in any of the suggested alternative proceedings is a matter of conjecture; certainly no available procedure was indicated by the State Supreme Court in earlier cases. See *McMichaels* v. *Hancock,* 428 F. 2d 1222, 1223 (CA1 1970). Furthermore, we are not referred to a single instance, regardless of the remedy invoked, in which the Missouri courts have granted a hearing to state prisoners on the conditions of their confinement. In these circumstances § 2254 did not require petitioners to pursue the suggested alternatives as a prerequisite to taking their claims to federal court. As Mr. Justice Rutledge stated in his concurrence in *Marino* v. *Ragen,* 332 U. S. 561, 568 (1947):

> "The exhaustion-of-state-remedies rule should not be stretched to the absurdity of requiring the exhaustion of . . . separate remedies when at the outset a petitioner cannot intelligently select the proper way, and in conclusion he may find only that none of the [alternatives] is appropriate or effective."

## II

Moreover, although cognizable in federal habeas corpus, see *Johnson* v. *Avery*, 393 U. S. 483 (1969), petitioners' pleading may also be read to plead causes of action under the Civil Rights Acts, 42 U. S. C. § 1983, and 28 U. S. C. §§ 1343 (3) and 1343 (4), for deprivation of constitutional rights by prison officials. As to like actions, in an exhaustive opinion in *Jackson* v. *Bishop*, 404 F. 2d 571 (CA8 1968), MR. JUSTICE (then Judge) BLACKMUN stated:

> "These actions were instituted in 1966 by handwritten petitions employing varying titles [including 'habeas corpus']. Each plaintiff asked for the appointment of counsel and permission to proceed in forma pauperis. Those requests were granted. Appointed counsel then filed amended complaints which have been treated by all concerned as petitions for injunctive relief under the civil rights statutes, 42 U. S. C. § 1983 and 28 U. S. C. § 1343 (3) and (4). We are satisfied as to jurisdiction. We are also satisfied, as were the district judges, that the cases are appropriately to be regarded as class actions within the scope and reach of Rule 23, Fed. R. Civ. P." *Id.*, at 572–573.

Petitioners were therefore entitled to have their actions treated as claims for relief under the Civil Rights Acts, not subject, on the basis of their allegations, to exhaustion requirements. The remedy provided by these Acts "is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Monroe* v. *Pape*, 365 U. S. 167, 183 (1961); *McNeese* v. *Board of Education*, 373 U. S. 668 (1963); *Damico* v. *California*, 389 U. S. 416 (1967). State prisoners are not held to any stricter standard of exhaustion than other civil rights plaintiffs. *Houghton* v. *Shafer*, 392 U. S. 639 (1968). There an inmate's challenge to

the confiscation of his legal materials without first seeking administrative redress was sustained. Although the probable futility of such administrative appeals was noted, we held that in "any event, resort to these remedies is unnecessary." *Id.*, at 640. Accordingly, the motions to proceed *in forma pauperis* and the petition for certiorari are granted, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.*

*It is so ordered.*

MR. JUSTICE BLACKMUN concurs in the judgment of the Court and in Part II of the Court's *per curiam* opinion.

MR. CHIEF JUSTICE BURGER, dissenting.

This case is singularly inappropriate for summary reversal without an adequate record, and without briefs

---

*It appears that petitioners did seek relief under the civil rights statutes before filing their petitions below, and that these claims were denied after a hearing. The dissent asserts that the petition for certiorari concedes "that almost all of the claims involved in those actions underlie the *instant* habeas corpus proceeding." (Emphasis supplied.) We are unable to find that concession in the petition. At page 11 of the petition the following does appear: "Almost all of the complaints presented by [the earlier actions] had been raised in the habeas corpus petitions *originally filed in the State courts* underlying this Petition." (Emphasis supplied.) Indeed, petitioners' counsel in his reply brief disclaims knowledge of what claims were presented in the cases, stating: "As this writer did not participate as counsel in the Civil Rights Act cases and in view of the generalized nature of the claims for relief in the petitions herein, it is not known whether all of the issues intended to be presented by those petitions were presented in the Civil Rights Act cases." Reply Brief 7. Accordingly, we must conclude that it is not clear from the record whether the issues raised in the earlier cases are the same as those presented here. The effect, if any, of those actions upon the instant cases must therefore be determined on remand.

or argument. The Court assumes without citation of authority that further resort to state remedies would be futile; the District Judge, far more familiar than we with the local situation, thought otherwise. The Court does not rest its reversal on this ground, however, for it blandly treats petitioners' habeas corpus petitions as complaints under 42 U. S. C. § 1983, an approach that petitioners' experienced counsel has studiously and appropriately avoided. Petitioners had previously filed complaints expressly under § 1983, which were denied after full hearing. It is conceded in the petition for certiorari that almost all of the claims involved in those actions underlie the instant habeas corpus proceeding; but petitioners' counsel argues that the doctrine of *res judicata* has no application in habeas corpus. The Court does not explain why this argument is not lost if the habeas corpus petitions are treated as complaints under § 1983.

I had previously thought that summary reversal was limited to cases where the error was manifest. Here, however, the Court has challenged the conclusion of the Court of Appeals largely on the basis of surmise and has gone on to reverse on a theory that the Court of Appeals was not asked to consider and presumably could not have considered.