Micheal * WILLIAMS, Plaintiff-
Appellant,

v.

Hon. Daniel McMANN, Warden of Au-
burn Prison, Auburn, New York,
Defendant-Appellee.

No. 693, Docket 34230.

United States Court of Appeals,
Second Circuit.

Argued March 29, 1971.

Decided Jan. 25, 1972.

Proceeding by a state prisoner, styled as "motion for a writ of injunction" under the Civil Rights Act, for relief against discipline of prisoner for assisting other inmates. The United States District Court for the Northern District of New York, James T. Foley, Chief Judge, treated the complaint as a petition for writ of habeas corpus and ordered its dismissal, and the prisoner appealed. The Court of Appeals held that the complaint was insufficient for failure to describe the rules violated, and other details.

Lumbard, Circuit Judge, concurred and filed additional opinion.

Herman Schwartz, Buffalo, N. Y., for appellant.

Mortimer Sattler, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., State of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellee.

Before FRIENDLY, Chief Judge, and LUMBARD and FEINBERG, Circuit Judges.

PER CURIAM:

■ Micheal Williams, a jailhouse lawyer, appeals from an order of the United States District Court for the Northern District of New York, James T. Foley, Chief Judge, dismissing Williams's self-styled "motion for a writ of injunction" under the Civil Rights Act, 42 U.S.C. § 1983. In his letter-motion, or, more accurately, in his complaint, which apparently was mailed to the district court in June 1969, Williams alleged that he was ▸locked in his cell as punishment for possessing another inmate's plea and sentencing minutes, and requested that the district court:

> issue an order of injunction, restraining the respondents from subjecting the petitioner to any further abuse and lockups for assisting other inmates in Auburn State Prison.
> . . .

Treating Williams's complaint as a petition for a writ of *habeas corpus*, Chief Judge Foley ordered its dismissal in July 1969, for failure to exhaust state remedies.[1] Putting to one side the question whether Chief Judge Foley's characterization of Williams's request for relief was not improper under the Su-

---

* We are assured by plaintiff's counsel that this is the correct though unusual spelling.

1. The judge's Memorandum-Decision and Order is unpublished. In the district court the caption "United States ex rel. Williams v. McMann" was used, and Williams was denominated "Petitioner." We have altered these terms for reasons that will be obvious.

**1140**

preme Court's decision in Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), and this court's recent disposition of three state prisoner cases,[2] we affirm the dismissal on the ground that the complaint does not adequately demonstrate a basis for granting the equitable relief sought. Williams seeks a broad injunction against "further abuse and lockups" but has failed to indicate that his lockup was other than "a single or short-lived incident." Inmates of the Attica Correctional Facility v. Rockefeller, 453 F.2d 12 (2d Cir. 1971). We are told that Williams was locked up for only two days. In addition, although the complaint alludes to a statement by a deputy warden that possession of the papers was a violation of prison rules, nowhere does the complaint suggest what these rules are, whether they require that permission be obtained in order to get such legal papers, whether such permission, if necessary, was requested, or in what respects the rules are unreasonable.[3]

 To be sure, we do not mean to suggest that *pro se* plaintiffs in civil rights actions must conform their allegations to Chitty's pleading rules. See Haines v. Kerner, 404 U.S. ——, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*per curiam*). But particularly where a prisoner-plaintiff seeks to invoke federal equity powers to undertake a continuing supervision of the administration of disciplinary rules by state prison authorities, some measure of precision is indispensable. It is simply not present here.

Judgment affirmed.

LUMBARD, Circuit Judge (concurring):

I concur and wish to add that, even had the petition set forth sufficient details, I would direct the district court to stay consideration of the petition until it had been heard in the New York state courts, for reasons which are set forth in my dissenting opinion filed this day in Rodriguez v. McGinnis, United States ex rel. Katzoff v. McGinnis, and Kritsky v. McGinnis.

---

2. Rodriguez v. McGinnis, et al., United States ex rel. Katzoff v. McGinnis, et al., and Kritsky v. McGinnis, et al., 456 F.2d 79 (2d Cir. 1972) (*en banc*). Decision in the present appeal had been held in abeyance pending the conclusion of the *en banc* proceeding in these cases.

3. See Sostre v. McGinnis, 442 F.2d 178, 201 (2d Cir. 1971) (en banc).