Allen L. LAMAR

v.

H. H. COFFIELD, Chairman, Texas Board of Corrections, et al.

Civ. A. No. 72-H-89.

United States District Court, S. D. Texas, Houston Division.

May 5, 1972.

1082

Allen L. Lamar, pro se.

Crawford C. Martin, Atty. Gen., Robert C. Flowers and Dunklin Sullivan, Asst. Attys. Gen., Austin, for defendants.

## MEMORANDUM AND ORDER

BUE, District Judge.

This Court has given careful consideration to the plaintiff's petition, which alleges several grounds for recovery under the Civil Rights Act of 1871, 42 U. S.C. § 1983, and 28 U.S.C. § 1343(3). The petitioner complains of several actions by prison officials, specifically (1) denial of the right to speak in the mess hall, corridors and during the performance of his duties, all of which have denied him the opportunity to discuss matters of great interest and value to him; (2) confinement in solitary without a full-scale hearing, without notice of written charges against him, and without proper diet being supplied; and (3) receipt of an unfavorable report to the parole board.

■■ The asserted first amendment right to free speech at the specific times and particular places noted, *supra,* cannot be held paramount in importance to rules curtailing such expression which are imposed to maintain necessary order and disciplinary control. In Baker v. Beto, C.A. No. 71–H–345 (S.D.Tex., March 13, 1972, opinion by Judge Cox), the Court stated:

> [W]e should not forget that these prisoners, upon their incarceration, have retained, in varying degrees according to the circumstances, only minimal protections as to due process and freedom of expression.

*Id.* at 13. Freedom of speech, including the connected activity or conduct so often characterized as free speech, must of necessity be one of the first Constitutional guarantees to fall subject to reasonable restriction by prison officials in the proper management and administration of prison systems. This is certainly true within the confines of prison walls, although different principles may govern in the handling of prisoner mail to attorneys or judicial officers, *Id.* at 11, 12; Coleman v. Peyton, 362 F.2d 905 (4th Cir. 1966).

This Court is certainly aware of the new and admittedly proper emphasis on the rights of prisoners, especially within the context of a § 1983 action, *see, e. g.,* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Campbell v. Beto, 460 F.2d 765 [5th Cir. 1972]. Thus, Courts

> have increasingly accepted the principle that the penal inmate is not stripped of all his civil rights when he crosses the threshold of the prison but those that "are fundamental follow him, with appropriate limitations, through the prison gate."

Queen v. South Carolina Dept. of Corrections, 307 F.Supp. 841, 843 (D.S. C.1970), quoting from Courtney v. Bishop, 409 F.2d 1185, 1187 (8th Cir.) cert. denied, 396 U.S. 915, 90 S.Ct. 235, 24 L. Ed.2d 192 (1969).

■■ It is not an unreasonable limitation that speech may be curtailed at certain times and in certain areas when necessary to insure safety and prison security, if such speech is otherwise allowed at more appropriate times. The limitations reflected in petitioner's complaint do not exceed the bounds of necessity, and, in fact, this particular complaint borders upon the frivolous.

■ More substantial is petitioner's allegation that he was subjected to solitary confinement on a reduced diet without a proper hearing. If this was a possibility, immediate inquiry through the development of this case would be appropriate, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, this allegation is simply unfounded. Petitioner was afforded a hearing before the Unit Disciplinary Committee composed of three prison officials. The offense report reflects that the charge was presented along with the name of the accusing official, and that petitioner was given the opportunity to relate the facts as he saw them along with his explanation of them. The officer who accused the petitioner was not a member of the committee. The committee then investigated the incident and recommended that petitioner be placed in solitary confinement, demoted to Class III, and made to forfeit all "overtime" accrued. This recommendation was followed.

This Court cannot say that such a hearing deprived petitioner of any constitutional right, Baker v. Beto, C.A.No. 71–H–345, at 4–6 (S.D.Tex., March 13, 1972), even though only minimal standards of due process are met. It is not required at such a disciplinary hearing that the prisoner receive formal written notice in advance, be permitted to cross-examine witnesses against him, or be represented by counsel. It is evident that neither the hearing provided, nor the punishment assessed, resulted in a constitutional denial. *See, e. g.,* Theriault v. Blackwell, 437 F.2d 76 (5th Cir. 1971) (forfeiture of good time); Novak v. Beto, 453 F.2d 661, 664–668 (5th Cir.

1971) (conditions of solitary confinement; hearing before the Unit Disciplinary Committee).

The third allegation, that petitioner was caused to receive an unfavorable report before the parole board, is a foreseeable and reasonable concomitant to the prisoner's offense and the disciplinary action taken, *cf.* Novak v. Beto, 453 F.2d 661, 667 (5th Cir. 1971).

Assessing this petition in line with the less stringent standards required for *pro se* pleadings, the Court nevertheless finds no possible set of facts in this case which would support petitioner's claims, entitle him to relief, and require judicial inquiry into the internal operations of the Texas Department of Corrections, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). As this Court reads the applicable authorities, the law clearly does not compel a hearing to be held in each and every instance in which a prisoner's petition is filed under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Accordingly, petitioner's motion for appointment of counsel is denied, and defendant's motion to dismiss pursuant to Fed.Rules of Civ.Proc. 12(b) (6) is granted. It is so ordered.