Ethiell X McCLAIN et al.

v.

John R. MANSON, Commissioner, and Richard D. Steinert, Superintendent, Connecticut Correctional Institution, Osborn.

Civ. A. No. 14919.

United States District Court, D. Connecticut.

May 22, 1972.

Ethiell X McClain, pro se.

John X McFadden, pro se.

Richard X Harrison, pro se.

James X Husser, pro se.

Stephen J. O'Neill, Asst. Atty. Gen., Hartford, Conn., for defendants.

## MEMORANDUM ON ORDER AP-POINTING COUNSEL

NEWMAN, District Judge.

■ Four Connecticut state prisoners have petitioned this court for relief, claiming that prison officials are abridging their First Amendment rights to freedom of religion. They seek relief pursuant to 42 U.S.C. § 1983 and 28 U. S.C. § 1361. The State's response creates factual issues which require a hearing for resolution. In these circumstances, an attorney should be appointed to assist the petitioners in the presentation of their evidence.

■ The Criminal Justice Act provides that attorneys may be appointed and compensated for their service when they represent state prisoners seeking relief under 28 U.S.C. § 2254, although there is no provision for appointment when prisoners present claims under § 1983. It does not seem to me that the statutory reference selected by prisoners untutored in the law should determine whether their court-appointed attorneys receive compensation. The petition in this case cited § 1361, which is wholly inapplicable to actions against state officials. More significantly, the Chief Judge of this Circuit has recently observed that "all state prisoner petitions complaining of the . . . manner of custody, however phrased, are in fact petitions for habeas corpus . . . ." Rodriguez v. McGinnis, 456 F.2d 79, p. 81 (2d Cir. Jan. 25, 1972). While the court in *Rodriguez* felt obliged, in light of Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), to dispense with the requirement of exhaustion of state judicial remedies since the petition stated a cause of action cognizable under § 1983, there seems to be no reason to ignore the essential habeas corpus nature of these petitions for purposes of the Criminal Justice Act. If statutes are to be construed broadly to protect the rights of prisoners, a similar construction is appropriate to provide at least minimal compensation for those attorneys who endeavor to have those rights protected. At least this should be done in construing a statute like 18 U. S.C. § 3006A(g), which makes the appointment of counsel in habeas corpus cases discretionary with the district court when it determines that the "interests of justice so require."

Accordingly, Paul S. Sherbacow, Esq., of Hartford, is appointed counsel for these petitioners pursuant to the Criminal Justice Act, and a hearing on this matter will be held on June 6, 1972, at Hartford, at 10:00 a. m.