Thomas M. **POOLE**, Plaintiff,

v.

Michael S. **WOLKE**, Sheriff Milwaukee County, Defendant.

No. 72-C-504.

United States District Court,
E. D. Wisconsin.

Jan. 24, 1973.

Thomas M. Poole, pro se.

Robert P. Russell, Corp. Counsel by Karl M. Dunst, Asst. Corp. Counsel, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action is a pretrial detainee in the Milwaukee County jail who originally filed his complaint *pro se.* He is now represented by counsel acting at the request of this court. His handwritten complaint asserts jurisdiction pursuant to 28 U.S.C. § 1343 (3), and he seeks to enjoin censorship of his mail and limitation of his visitors to immediate family. The complaint has not been amended by his counsel.

The defendant has moved to dismiss the complaint, urging that this court lacks jurisdiction over the subject matter, that the plaintiff has failed to state a claim, and that the defendant lacks the capacity to be sued. I believe that the motion should be denied.

 Persons lawfully incarcerated in state pretrial detention facilities or penal institutions are entitled to seek redress for violations of fundamental constitutional rights under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Jones v. Metzger, 456 F.2d 854 (6th Cir. 1972). In such cases, federal courts find subject matter jurisdiction in 28 U.S.C. § 1343(3). The plaintiff has alleged such jurisdiction here.

██ The defendant contends that the plaintiff's complaint is deficient in that it contains conclusions and broad generalizations rather than factual allegations. The complaint charges that the

plaintiff has been refused permission to visit with his fiancee and to correspond by mail without jail censorship. Although dates and times of attempts to so visit and correspond are not stated, the allegations nevertheless appear to be factual. He alleges a formal policy of such restrictions, and he submitted a copy of jail rules evidencing that policy with his complaint.

These are not "mere conclusory allegations that unspecified constitutional rights have been infringed." Rodes v. Municipal Authority, 409 F.2d 16, 17 (3rd Cir. 1969), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969). Rather, they are allegations of a formal system of interference with his claimed constitutional right to communicate with others by means of visits and correspondence. Construing this *pro se* complaint favorably to the plaintiff, I find that he has sufficiently stated a claim which, if proved, will entitle him to relief. See Inmates v. Petersen, 355 F.Supp. 1157 (E.D.Wis., decided January 17, 1973).

The defendant claims that he lacks capacity to be sued under Rule 17, Federal Rules of Civil Procedure. He cites Wis.Stats. § 59.22(3) (1971), which provides that he, as sheriff of Milwaukee County,

". . . shall not be responsible for the acts, defaults or misconduct in office of either his jailer or his deputies, appointed under §§ 63.01 to 63.-17, * * * except where such deputy or jailer acts under the express direction of the sheriff."

"Capacity to sue or be sued" as used in Rule 17 refers to general capacity; the protection sought to be afforded certain sheriffs by § 59.22(3) appears to be in the nature of an immunity from financial liability. Assuming, arguendo, that § 59.22(3) has any force whatsoever in a federal civil rights claim, particularly one seeking only injunctive relief, I do not believe it is applicable here. The plaintiff's complaint cites and challenges the jail rules covering mail and visitation privileges in their entirety, rather than specific acts performed by the jailer or deputies. Indeed, it is asserted that the claimed interference is in accordance with rules applicable to all detainees. The sheriff is the person statutorily responsible for operation of the jail, and, therefore, is *directly* responsible for the rules challenged here. Wis. Stats. § 59.23(1) (1971).

Therefore, it is ordered that the defendant's motion to dismiss the complaint be and hereby is denied.