Ronald J. JORDAN et al., Plaintiffs,

v.

Perry M. JOHNSON, Director, Michigan Department of Corrections, and Charles E. Egeler, Warden, Southern Michigan Prison, Jackson, Michigan, their agents and subordinates, Defendants.

Civ. A. No. 74–71621.

United States District Court,
E. D. Michigan, S. D.

Sept. 24, 1974.

Ronald J. Jordan, in pro per.

Frank J. Kelley, Atty. Gen., Patrick A. Aseltyne, Asst. Atty. Gen., for the State of Michigan, for defendants.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KENNEDY, District Judge.

Plaintiffs, inmates at the Southern Michigan Prison at Jackson, Michigan, have filed a civil rights complaint alleging that the warden's regulation concerning law library hours at the prison, which went into effect in March, 1974, violates their Constitutional right of access to the courts. Defendants have moved for summary judgment.[1]

The challenged regulation permits inmates to use the facility from 3:00 to 4:00 p. m. weekdays. If a prisoner desires additional time he must request a call out card from the Personal Affairs Office. The call out is limited to one 2½ hour period per week allowing an inmate a total of 7½ hours per week for legal research.

Both plaintiffs and defendants have submitted additional affidavits after the filing of the Motion for Summary Judgment. The affidavit of the defendants indicates that the library regulation was again revised on August 7, 1974 to provide an additional four-hour library period on Sundays so that, under normal circumstances an inmate is allowed an average of 11½ hours per week in the law library. The affidavit further asserts that, upon a showing of a court-imposed deadline, an inmate will be granted additional time for research.

The affidavits supplied by plaintiffs, all submitted before the latest revision

---

1. Besides the argument that the regulation does not deny the right of access to the courts, defendants raise two other arguments that merit attention. Defendants suggest that this Court should require plaintiffs to exhaust State administrative remedies prior to seeking relief in this Court. While some lower courts have required exhaustion of State remedies in certain § 1983 actions brought by prisoners, *see e. g.*, McCray v. Burrell, 367 F.Supp. 1191 (D.Md. 1973), the Supreme Court has indicated that no exhaustion requirement should be read into the Civil Rights Act. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L. Ed.2d 418 (1971).

Defendants also argue that because a prior § 1983 complaint was brought attacking the former law library regulations by one of the plaintiffs here, the dismissal of that action is *res judicata* to that individual's claim here. A reading of the opinion of Judge Gubow in the prior case, however, shows that the dismissal was based, in part, on the factual finding that the plaintiff, RONALD JORDAN, had been allowed the use of the library far in excess of the two hours per week then permitted. That factual conclusion prohibits the application of the *res judicata* doctrine to the instant action.

of the regulation, do not controvert the fact of expanded Sunday hours or that additional time is now granted upon a showing of necessity.

The affidavit of inmate Laurence Bachman indicates that the weekday afternoon hour has been advanced to 2:30–3:30 p. m. and that his work assignment precludes him from using the law library during this period except for the last 15 minutes. Bachman's affidavit further indicates that he forfeited appellate review because of the prison regulation in effect between September 1972–August 1973, before the date of the implementation of the challenged regulation here. Bachman does not state whether he requested additional time because of his work schedule. Indeed, he states that he has not even applied for a call out card for a week night period.

The uncontroverted facts make summary judgment appropriate. The Court recognizes that the right of reasonable access to the courts, guaranteed by the Fourteenth Amendment, includes the right of reasonable access to legal research facilities. A denial of this right is actionable under the Civil Rights Act. Hatfield v. Bailleaux, 390 F.2d 632 (9th Cir.), cert. denied, 368 U. S. 682, 82 S.Ct. 105, 7 L.Ed.2d 59 (1961). A determination of whether a limitation on the exercise of this right is reasonable, however, must take into account the legitimate interests of the prison in its own orderly administration. Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

The Supreme Court considered the Constitutional right of prison inmates to access to the courts in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) and later in Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L. Ed.2d 142 (1971). In *Johnson,* the Court held that a prison regulation which prohibited inmates from assisting other prisoners in preparing applications for post-conviction relief, infringed the right of access to the courts in the absence of some reasonable alternative providing assistance to illiterate or poorly educated inmates in preparing such opinions. In *Gilmore,* the Court affirmed *per curiam* the judgment of a three-judge district court, 319 F.Supp. 105 (N.D.Cal.1970), that prison regulation limiting the legal books provided for prisoners' use was an infringement of the rights of indigent inmates to access to the courts.

Neither *Gilmore* nor *Johnson* equates access to the courts with the adequacy of a prison library. The district court in Hampton v. Schauer, 361 F.Supp. 641 (D.Colo.1973), after reviewing *Gilmore* and *Johnson,* noted:

[t]he prison library is but one factor in the totality of all factors bearing upon the inmates' access to the courts which should be considered.

*Id.* at 643.

The flexible 11½ hour-per-week regulation here cannot reasonably be construed as a denial of access to the courts so as to amount to a denial of a federally-protected right. Rather it comes within the sphere of discretionary actions taken by prison officials for the orderly administration of prison activities:

. . . prison officials must be accorded latitude in the administration of prison affairs and that prisoners necessarily are subject to appropriate rules and regulations.

Cruz v. Beto, *supra,* 405 U.S. at 321, 92 S.Ct. at 1081.

From the affidavits submitted the Court is satisfied that the prison officials have not abused the discretion vested in them to handle matters of prison administration, and, in the absence of such abuse, the intervention of the judiciary is inappropriate. LaReau v. MacDougall, 473 F.2d 974 (2d Cir. 1972); Conklin v. Wainwright, 424 F.2d 516 (5th Cir.), cert. denied, 400 U.S. 965, 91 S.Ct. 376, 27 L.Ed.2d 385 (1970).

For the foregoing reasons defendants' Motion for Summary Judgment is granted and the action is dismissed.