**Albert Jerome RUCKER, Petitioner,**

v.

**John JABE, Warden, Respondent.**

**Civ. A. No. 81–74063.**

United States District Court,
E. D. Michigan, S. D.

Dec. 3, 1981.

**ORDER OF DISMISSAL**

JOINER, District Judge.

Petitioner, Albert Jerome Rucker, has filed this application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. He states in his petition that he was convicted on November 1, 1978 on a plea of guilty to one count of second degree murder, one count of assault with intent to murder and possession of a firearm in the commission of a felony. In addition to his sentences on the first two counts, he received a mandatory two years for the "felony-firearm" conviction. Petitioner claims that this two year mandatory sentence amounts to multiple punishment for the same offense and violates his constitutional protection against Double Jeopardy. Petitioner explains that he did not appeal his conviction to the Michigan Supreme Court because that court has upheld the imposition of a mandatory two year felony-firearm sentence as not violative of Double Jeopardy protections.

In order to proceed in this court on a petition for a writ of habeas, 28 U.S.C. § 2254(b) and (c) require that a petitioner first exhaust state court appellate remedies. Certain exceptional circumstances may warrant federal consideration of claims without prior resort to the state court system. Only where no opportunity for the prisoner to obtain redress in the state courts exists or where the state corrective process is deficient to the point of rendering any effort to obtain relief futile is an exception made. See, *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971); 28 U.S.C. § 2254(b).

The Michigan Supreme Court decision which may well preclude petitioner from relief in the state court is *Wayne County Prosecutor v. Recorder's Court Judge*, and a companion case, *People v. Brintley*, consolidated at 406 Mich. 374, 280 N.W.2d 793 (1979). In these cases the court addressed the issue of whether separate convictions and consecutive sentences for both a felony and for a felony-firearm were violative of the Double Jeopardy provisions of the Michigan and United States Constitutions. The defendants in both cases were convicted for felony-firearm and the underlying felonies. The Michigan Supreme Court recognized the Michigan legislature's clear intent that a violation of the felony-firearm statute can

be a separate crime with the purpose of deterring the use of guns. The court also concluded that the rule articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), was satisfied, and thus held that the defendants' felony-firearm convictions were not violative of the Double Jeopardy Clause.

The defendant in *People v. Brintley, supra*, filed an appeal as of right from the Michigan Supreme Court's decision. The appeal was dismissed by the United States Supreme Court for want of a substantial federal question. *Brintley v. Michigan*, 444 U.S. 948, 100 S.Ct. 418, 62 L.Ed.2d 317 (1979).

While this court will address petitioner's claim because it is apparent that his further attempt to obtain relief in the state court would be futile, habeas relief is not appropriate. As the Court held in *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), lower courts are bound by its summary affirmances and dismissals on the merits. Since petitioner's claim is virtually identical to that made in *Brintley*, the precedential significance of the Supreme Court's summary dismissal of the *Brintley* appeal cannot be ignored by this Court.

Even if this Court were not foreclosed by the Supreme Court's summary dismissal in *Brintley* from further considering petitioner's double jeopardy claim, habeas relief could not be granted. As the Supreme Court stated in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977):

When consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee (of the Double Jeopardy Clause) is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. (Citations omitted).

As noted above in *Wayne County Prosecutor v. Recorder's Court Judge, supra*, the Michigan Supreme Court held that the Michigan legislature clearly intended a vio-

lation of the felony-firearm statute to be a separate crime, with the two year mandatory sentence to run consecutively with sentences for other convictions. Thus it was not a violation of the Double Jeopardy Clause for a trial judge to impose a consecutive sentence for a felony-firearm violation, as was done in the instant case.

For these reasons, IT IS ORDERED that petitioner's application for a writ of habeas corpus be, and the same hereby is DISMISSED.