**Cleve COLE, Petitioner,**

v.

**Donal CAMPBELL, etc., et al., Respondents.**

Civ. A. No. 3:87–0877.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 19, 1988.

On Motion to Dismiss April 19, 1988.

Certificate of Probable Cause Denied Oct. 17, 1988.

Cleve Cole, Only, Tenn., pro se.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., Albert L. Partee, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by Designation and Assignment.

The petitioner Mr. Cleve Cole applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody of the respondent-warden pursuant to the judgment of conviction of September 28, 1983 of the Criminal Court of Tennessee for its 6th judicial district (comprising Knox County) in violation of the federal Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause, and Fourteenth Amendment, § 1, Right to the Due Process and Equal Protection of the Law Clauses. 28 U.S.C. §§ 2241(c)(3), 2254(a). He claims he has exhausted his available state-remedies by having presented fairly his claims herein to the Supreme Court of Tennessee. 28 U.S.C. § 2254(b).

Mr. Cole claims herein that he was deprived of his federal right to the due process and equal protection of the law because:

1. his trial Court failed to set-forth its reasons for denying his motion to suppress evidence allegedly seized without a valid search warrant, thereby depriving him of a full and fair review on appeal;

2. portions of the record of his hearing on a motion for a new trial were omitted from the record on appeal, thereby depriving him of a full and fair review on appeal;

3. allegedly perjured testimony by an alleged informant was allowed to be introduced against him during his trial; and

4. he was not allowed to present a witness pertinent to his defense during the motion for a new trial.

"No State shall * * * deprive any person of * * * liberty * * * without due process of law * * *." Constitution, Fourteenth Amendment. " * * * 'A fair trial in a fair tribunal is a basic requirement of due process.' * * *" *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[3], 6 L.Ed.2d 751 (1961).

Furthermore, " * * * [i]n all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds. * * * In terms of a trial record, this means that the State must afford the indigent a 'record of sufficient completeness' to permit proper consideration of his claims.

* * * " *Mayer v. City of Chicago,* 404 U.S. 189, 194–195, 92 S.Ct. 410, 414[3], 30 L.Ed.2d 372 (1971). Also, "[t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 1045[2], 35 L.Ed.2d 297 (1973).

Mr. Cole contends also that his federal right to the assistance of counsel was infringed when his counsel was ineffective in several particulars and when he was not allowed to represent himself on his motion for a new trial. His federal right to counsel is his right to effective assistance of competent counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970). Additionally, the Sixth Amendment to the United States Constitution, *supra,* grants the accused the correlative right to make his or her defense personally without the assistance of counsel. *Faretta v. California,* 422 U.S. 806, 819–820, 95 S.Ct. 2525, 2533[5], 45 L.Ed.2d 562 (1975).

■ As it does not appear plainly on preliminary consideration of the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, Rules —§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. (The noticed slow movement of the mail provides good cause for the additional time allowed.)

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider first the exhaustion-matter and thereafter will allow the respondent additional time in which to file a supplemental answer, addressing the merits of the petition, as may be indicated.

### On Motion to Dismiss

■ The respondent answered, *see* order herein of January 19, 1988, and moved this Court to dismiss the petition herein on the ground of the petitioner's failure to have exhausted his available state-remedies. Such motion has merit.

Upon review of the record herein, it is now apparent to the Court that Mr. Cole has never presented any of his claims herein to the Supreme Court of Tennessee. "Preliminary to seeking relief in a federal district court by virtue of 28 U.S.C. §§ 2241 et seq., a state prisoner must show that the state's highest court has been afforded the opportunity to pass upon the assertions of constitutional deprivation." *Williams v. Missouri Department of Corrections,* 463 F.2d 993, 995[1] (8th Cir.1972).

It appears further to this Court that proper post-conviction proceedings have been initiated in a state Court and that Mr. Cole, therefore, has the means available to him to present his claims herein to such Court. He must do so in order " * * * to give the state an initial opportunity to pass upon and correct alleged violations of * * * [his] federal rights. * * * " *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408[1], 30 L.Ed.2d 418 (1971).

It appearing, upon a review of the record, that an evidentiary hearing is not required herein, and it appearing further that the petitioner is not entitled to relief herein for his failure to have exhausted his available state-remedies, the motion of the respondent for a dismissal of the petition herein hereby is

GRANTED, and the application of the petitioner is DENIED. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed on such appeal *in forma pauperis.* Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue

because of the petitioner's failure unquestionably to have exhausted his available state remedies.