892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommy Vander JACKSON, Petitioner-Appellant,
v.
Ed MYERS, Superintendent; Attorney General of the State of
California, Respondents-Appellees.
 No. 89-55043.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.
Decided Dec. 19, 1989.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jackson filed a petition for a writ of habeas corpus in district court claiming that the prosecutor's suppression of evidence and failure to correct false evidence denied him due process of law and that he was also denied his Sixth Amendment right to confrontation and cross-examination. The district court dismissed his petition on the grounds that he had not properly presented his due process claims to the California Supreme Court, and thus had not exhausted state remedies. Jackson alleges that his claims were separately presented to the California Supreme Court in two petitions for review: His first petition for review contained the due process claim; his second petition for review contained the Sixth Amendment claim. The California Supreme Court denied both petitions without citation of authority. We review de novo a denial of a petition for writ of habeas corpus. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986).
 
 
 3
 A federal district court must dismiss a federal habeas petition that contains any claim for which state remedies have not been exhausted. Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987), cert. denied 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. Picard v. Connor, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). "A claim is fairly presented if the petitioner has described the operative facts and legal theory on which the claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 4
 In the statement of issues in Jackson's first petition for review in the California Supreme Court, he raised the issue of whether a witness' perception that a promise had been made in exchange for testimony or the fact that promises were actually made was important, and cited People v. Ruthford, 14 Cal.3d 399, 534 P.2d 1341, 121 Cal.Rptr. 261 (1975). Ruthford stands for the proposition that a failure to disclose an inducement for a witness' testimony constitutes the suppression of substantial material evidence relating to the credibility of a key witness and thus is a denial of due process. Jackson thus made reference to a state law case in which a due process issue necessary to support a federal claim was decided. See Anderson v. Harless, 459 U.S. 4, 6-7, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). He stated the legal theory on which his claim is based. Although Jackson's first petition is inartfully pleaded, the operative facts necessary for a due process claim are presented in his statement of the case. Thus, we conclude that the California Supreme Court had a "full and fair opportunity" to address the substance of Jackson's due process claims. See Tamapua, 796 F.2d at 262-63.
 
 
 5
 Jackson's second petition for review in the California Supreme Court alleges that his rights to a fair trial, to confrontation, and to cross-examination were violated. Clearly, Jackson's Sixth Amendment claims were fairly presented to the California Supreme Court.
 
 
 6
 Since the California Supreme Court has had an "opportunity to pass upon and correct," Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), both constitutional violations alleged in Jackson's petition for writ of habeas corpus, state remedies have been exhausted for every ground raised in his petition. Consequently, the district court should now entertain his petition.
 
 
 7
 Because we are remanding this case to the district court, we need not consider Jackson's request to appoint counsel for this appeal.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3