951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby A. DAVIS, Petitioner-Appellant,
v.
Robert BORG, Respondent-Appellee.
 No. 91-15040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 12, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby A. Davis, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. We review de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and reverse and remand.
 
 
 3
 In his petition, Davis alleged that he was denied due process of law at a prison disciplinary hearing because a member of the disciplinary committee was biased against him. Davis further alleged that his eligibility for parole may be impaired because of the allegedly invalid disciplinary proceeding. Davis sought to have the disciplinary charge dismissed and all related documents expunged from his prison record. The district court dismissed the petition for lack of jurisdiction.
 
 
 4
 Davis contends that the district court erred in dismissing his action for lack of jurisdiction. This contention has merit.
 
 
 5
 Habeas corpus jurisdiction exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole. Bostic v. Carlson 884 F.2d 1267, 1269 (9th Cir.1989); see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "A section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." Preiser, 411 U.S. at 499. A habeas corpus petition that presents claims cognizable under section 1983 should be construed to that extent as a section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam).
 
 
 6
 Here, although the relief sought by Davis may improve his chances for parole, the question of his release and of the length of his confinement still lies within the discretion of the parole board. See Cal.Code Regs. tit. 15, § 2281 (1990). Thus, expungement of the disciplinary charge from Davis's record will not automatically shorten the length of his confinement, and the proper remedy lies in an action under 42 U.S.C. § 1983. See Preiser, 411 U.S. at 499. On remand, the district court should construe Davis's habeas petition as a section 1983 complaint and address the merits of his claim. See Wilwording, 404 U.S. at 251 (1971).
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3