974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hector U. DePARIAS, Petitioner-Appellant,
v.
J. Michael QUINLAN, Director of BOP; G.L. Henman, Warden
USP Leavenworth, Respondents-Appellees.
 No. 92-3017.
 United States Court of Appeals, Tenth Circuit.
 Aug. 11, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 After review of the record before us, we are in substantial agreement with the district court regarding the dismissal of Petitioner-appellant Hector U. DeParias's cause of action. See attached district court memorandum and order. In the absence of "a rational argument on the law or the facts," petitioner's request to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915(d).
 
 
 2
 SO ORDERED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 4
 Hector U. DeParias, Petitioner,
 
 
 5
 v.
 
 
 6
 J. Michael Quinlan, et al., Respondents.
 
 
 7
 Case No. 91-3256-R.
 
 
 8
 Jan. 8, 1992.
 
 MEMORANDUM AND ORDER
 
 9
 This matter is before the court on petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner, commenced this action while incarcerated in the United States Penitentiary, Leavenworth, Kansas ("USPL"). During the pendency of this action, petitioner was transferred to the Federal Correctional Institution, Bastrop, Texas.
 
 
 10
 Petitioner is serving a 20 year federal sentence and has a concurrent state sentence from Florida. Upon his release from federal custody, petitioner will be remanded to Florida authorities. In addition, petitioner is subject to a detainer lodged by the Immigration and Naturalization Service.
 
 
 11
 Petitioner entered USPL in November 1989. Due to his participation as a government witness in trials against other offenders, petitioner is closely monitored by BOP staff in each federal facility where he is housed. Following an investigation by USPL officials, petitioner entered general population at USPL in July 1990. In June 1991, CNN broadcast a film segment of a trial in which petitioner was identified as a government witness. As a result of this broadcast, petitioner was placed in Administrative Detention for protective housing. Following further investigation, staff concluded petitioner might be in danger due to the broadcast. Petitioner was therefore transferred from USPL in September 1991.
 
 
 12
 In this action, petitioner seeks an order directing his placement outside the federal prison system. For the reasons set forth, the court concludes petitioner is entitled to no relief in this action.[1]
 
 
 13
 It is well settled that prison officials have a duty to provide prisoners with reasonable protection from violence. See, e.g., Purvis v. Ponte, 929 F.2d 822 (1st Cir.1991); Berry v. City of Muskogee, Okl., 900 F.2d 1489 (10th Cir.1990).
 
 
 14
 In the federal prison system, the authority to designate the place of a prisoner's incarceration rests with the Bureau of Prisons. 18 U.S.C. § 3621(b). The Attorney General is expressly required to "provide suitable quarters and provide for the safekeeping" and "protection" of federal prisoners, 18 U.S.C. §§ 4042(b)-(c), and is authorized to contract with states for "the purpose of providing suitable quarters for the safekeeping, care, and subsistence" of federal inmates in state prisons. 18 U.S.C. § 4002.
 
 
 15
 However, while prison officials must provide inmates with reasonable protection, it is clear an inmate has no due process right to be held in the facility of his preference. Olim v. Wakinekona, 461 U.S. 238, 245-49 (1983). See also Meachum v. Fano, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee that a prisoner will be placed in a particular place).
 
 
 16
 Because the petitioner has no protected right to be housed in a particular facility, the court finds he has failed to state a claim which implicates an actionable federal right and concludes this action must be dismissed.
 
 
 17
 IT IS THEREFORE ORDERED this action is hereby dismissed and all relief denied.
 
 
 18
 The clerk of the court is directed to transmit copies of this Order to petitioner and to the office of the United States Attorney.
 
 Richard D. Rogers
 RICHARD D. ROGERS
 United States District Judge
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The court agrees that habeas corpus is not the proper remedy in this matter. The writ of habeas corpus is an available remedy for federal prisoners who challenge the fact or duration of their physical confinement. Preiser v. Rodriquez, 411 U.S. 475 (1973). Giving this pro se petition the liberal construction to which it is entitled, the court concludes this action may be construed as appropriately brought under Bivens. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam) (habeas corpus petition stating claims cognizable under 42 U.S.C. § 1983 should be construed as an action under § 1983)