70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel MELLINGER, Petitioner-Appellant,.
v.
Richard H. RISON, Warden, United States Penitentiary in
Lompoc, California, Respondent-Appellee,
and
State of Hawaii, Respondent.
Daniel MELLINGER, Petitioner-Appellant,
v.
STATE of Hawaii; John Sullivan, Warden, USP Lompoc,
Respondents-Appellees.
 Nos. 93-16099, 93-16611.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided Nov. 17, 1995.
 
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises out of two habeas corpus petitions filed in the District of Hawaii by Daniel Mellinger. Although he is an inmate in the federal prison in Lompoc, California, Mellinger's habeas petitions relate to his convictions in Hawaii state court (pursuant to a guilty plea) on nine counts of armed robbery. In the first petition ("Petition 1"), he contended that he was being denied meaningful access to the courts because the prison law library did not have sufficient Hawaiian legal materials for him to collaterally attack his convictions. In the second petition ("Petition 2"), Mellinger raised an ineffective assistance of counsel claim, arguing that his attorney failed to adequately represent him when the attorney advised Mellinger to plead guilty.[1]
 
 
 3
 The district court denied Petition 1 finding that the library had a set of the Pacific Reporter which provided adequate access to Hawaii case law. Petition 2 was dismissed because the district court determined that it was a successive petition and an abuse of the writ. Mellinger's separate appeals of the two petitions were consolidated into the instant appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse.
 
 I.
 
 4
 The denial of a petition for writ of habeas corpus is reviewed de novo. White v. White, 925 F.2d 287, 289 (9th Cir.1991); Terranova v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir.1990). The dismissal of a habeas petition for abuse of the writ is reviewed for abuse of discretion. Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994).
 
 II.
 
 5
 If Petition 1 is properly construed as a petition for habeas corpus, then the district court did not err by dismissing Petition 2 as an abusive claim.[2] See 28 U.S.C. Sec. 2244(b); 28 U.S.C. Sec. 2254, Habeas Corpus Rule 9(b). However, despite being styled as a habeas corpus petition, Mellinger claims Petition 1 should be treated as a complaint for a civil rights suit challenging the conditions of his confinement. He argues that "the thrust and essence of the Petition" made it clear to the district court that this was a conditions of confinement case. We agree. "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.... A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.' " Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 498-99 (1973)); see also Young v. Kenny, 907 F.2d 974, 975 n. 1 (9th Cir.1990) ("Where a prisoner wishes to challenge the conditions of his confinement ... a section 1983 action is a proper avenue of redress."), cert. denied, 498 U.S. 1126 (1991).
 
 
 6
 In Wilwording v. Swenson, 404 U.S. 249 (1971), the Supreme Court held that when a petition for habeas corpus may be fairly read to state a claim under the Civil Rights Act, it should be so construed. Id. at 251. The district court abused its discretion by failing to construe Petition 1 as Wilwording directs. We therefore remand "with" instructions to construe it as a civil rights complaint challenging the conditions of Mellinger's confinement.
 
 
 7
 It is unclear why the district court, after dismissing Petition 2, nonetheless felt compelled to reach its merits. Since we hold that Petition 1 should be treated as a Sec. 1983 complaint, Petition 2 is Mellinger's initial "true" habeas petition. Rather than determining the validity of the district court's "dicta," we remand the case for a full consideration of Petition 2's merits.
 
 
 8
 Pursuant to Wilwording v. Swenson, 404 U.S. 249 (1971), we remand the case with instructions to construe Petition 1 as a section 1983 complaint. Further, we reverse the district court's dismissal of Petition 2 and remand for full consideration of its merits.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mellinger's attorney, it turned out, had a prior felony conviction and had failed to disclose it on his Hawaii bar application. He also provided (from prison) an affidavit that he had lied to Mellinger about the extent to which he had investigated the facts
 
 
 [2]
 We note that the district court erroneously labelled Petition 2 "successive." "A claim is 'successive' if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and determined on the merits." McKenzie v. Day, 57 F.3d 1461, 1472 (9th Cir.1995) (Norris, J., dissenting) (citing Campbell, 997 F.2d at 515-16); see also Sanders v. United States, 373 U.S. 1, 15 (1963). Mellinger did not raise his ineffective assistance claim until Petition 2
 Claims that are raised for the first time in a later petition are analyzed under the abuse of the writ doctrine. McCleskey v. Zant, 499 U.S. 467, 470 (1991); see also McKenzie, 57 F.3d at 1472 (Norris, J., dissenting).