**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIE L. DAVIS,

     Petitioner - Appellant,

v.

JACK FOX,

     Respondent - Appellee.

No. 17-1145
(D.C. No. 1:17-CV-00679-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] federal prisoner Willie Davis appeals the dismissal of his

28 U.S.C. § 2241 habeas petition. Because the district court lacked jurisdiction to

consider the merits of the petition, we affirm.

In his petition, Davis alleged that prison officers violated his procedural due

process rights when they failed to follow prison policy in impounding his personal

property. According to Davis, the officers impounded his property to retaliate against

---

[*] After examining the brief and appellate record, this panel unanimously determines that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Davis' pro se filings. But it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

him for filing grievances against the respondent, rather than for an appropriate disciplinary reason. As relief, Davis requested a show-cause order, an evidentiary hearing, and an order directing his conditional release.

The district court sua sponte dismissed Davis' habeas petition for two reasons. First, the district court noted that Davis improperly asserted his due process claim under § 2241. Second, the district court stated that even if it construed the claim as "challenging conditions of confinement," Davis' claim "lack[ed] merit." R. 26.

We review the district court's disposition of a habeas petition de novo. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

Davis argues that he properly brought his claim under § 2241 in light of *Johnson v. Avery*, 393 U.S. 483 (1963), and *Wilwording v. Swenson*, 404 U.S. 249 (1971) (per curiam), *superseded by statute*, Prison Litigation Reform Act of 1995, 110 Stat. 1321-71 (codified as amended at 42 U.S.C. § 1997e), *as recognized in Woodford v. Ngo*, 548 U.S. 81 (2006).

We disagree. The "purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody." *Palma-Salazar*, 677 F.3d at 1035. Prisoners challenging the fact or duration of their confinement and seeking immediate release or a shortened period of confinement "must do so through an application for habeas corpus." *Id.* But a prisoner "who challenges the conditions of his confinement must do so through a civil rights action." *Id.*

Davis' due process claim doesn't challenge the fact or duration of his confinement; rather, it challenges the conditions of his confinement. Accordingly, the

2

district court correctly dismissed Davis' § 2241 habeas petition.[2] And neither *Johnson* nor *Wilwording* suggests otherwise. In *Johnson*, a state prisoner brought a federal habeas action after he was transferred to the maximum security building for violating a prison regulation that barred inmates from assisting other inmates with legal matters, including habeas writs. 393 U.S. at 484. The Supreme Court held that the prison regulation itself conflicted with the federal right of habeas corpus. *Id.* at 489-490. *Johnson* is inapposite because Davis doesn't allege any interference with his right to federal habeas relief.

*Wilwording* is likewise inapplicable. There, the Court noted in dicta that the state prisoners' claims challenging their "living conditions and disciplinary measures" were "cognizable in federal habeas corpus." 404 U.S. at 249, 251. But the Court never identified the precise challenged living conditions and disciplinary measures at issue. And it ultimately (1) construed the dismissed habeas claims as arising under 42 U.S.C. § 1983 and (2) remanded for further proceedings under that statute. 404 U.S. at 251. Thus, *Wilwording* doesn't support Davis' assertion that he properly brought his conditions-of-confinement claim under § 2241.

In short, we agree with the district court that Davis' claim doesn't "challenge the execution of his sentence" and, therefore, must be "filed in a civil rights complaint," not in a § 2241 habeas petition. R. 36; *see Palma-Salazar*, 677 F.3d at 1038 (noting that claim properly construed as a challenge to conditions of

---

[2] Although Davis requested conditional release as a remedy, he cites no authority indicating that conditional release is an appropriate remedy for his claim that the prison has mishandled personal property.

confinement must be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). Thus, we affirm the district court's dismissal.[3]

As a final matter, we grant Davis' motion to proceed in forma pauperis.


Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[3] While we affirm the dismissal of Davis' habeas petition, we remand for the district court to modify the dismissal to be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."); *Palma-Salazar*, 677 F.3d at 1038 (noting that district court lacked jurisdiction under § 2241 to consider merits of claim asserting challenge to conditions of confinement).